IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GREGORY THOMAS BERRY, et al.,　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiffs,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 3:11CV754
LEXISNEXIS RISK & INFORMATION　　　:
ANALYTICS GROUP, INC., et al.,　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:

## ANSWER OF DEFENDANT LEXISNEXIS RISK SOLUTIONS FL INC. TO THE CLASS ACTION COMPLAINT

Defendant LexisNexis Risk & Information Analytics Group Inc., now known as

LexisNexis Risk Solutions FL Inc. ("RSF"), answers the Class Action Complaint ("Complaint")

of Plaintiffs Gregory Thomas Berry, Summer Darbonne, Rickey Millen, Shamoon Saeed, Arthur

B. Hernandez, Erika B. Godfrey, and Timothy Otten (collectively, "Plaintiffs") as follows. RSF

denies any allegation in the Complaint that is not expressly admitted.

## I. PRELIMINARY STATEMENT

1.　　　　In response to paragraph 1 of the Complaint, RSF states that to the extent those

allegations relate to RSF, it admits that Plaintiffs purport to bring this action as a class action for

alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). RSF

admits that from time to time, it sells reports, prepared by Seisint Inc., a corporation now known

as LexisNexis Risk Data Management, Inc. ("RDMI"), known as "Accurint" reports. RSF

specifically denies that it operates as a "single business" with defendants Reed Elsevier Inc.

("Reed") and RDMI.  To the extent the allegations relate to a defendant other than RSF, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations, and denies the allegations on that basis.  Except as expressly admitted, RSF denies the allegations in paragraph 1.

## II.  JURISDICTION AND VENUE

2.      RSF admits the allegations in paragraph 2.

3.      In response to paragraph 3 of the Complaint, RSF states that no response to those allegations is necessary as they purport to allege legal conclusions.  To the extent a response is required, RSF denies the allegations of paragraph 3.

## III.  PARTIES

4.      In response to paragraph 4 of the Complaint, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Gregory T. Berry's residence, and denies those allegations on that basis.  To the extent paragraph 4 purports to allege legal conclusions, no response to those allegations is necessary.

5.      In response to paragraph 5 of the Complaint, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Summer Darbonne's residence, and denies those allegations on that basis.  To the extent paragraph 5 purports to allege legal conclusions, no response to those allegations is necessary.

6.      In response to paragraph 6 of the Complaint, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to

Plaintiff Rickey J. Millen's residence, and denies those allegations on that basis. To the extent paragraph 6 purports to allege legal conclusions, no response to those allegations is necessary.

      7.     In response to paragraph 7 of the Complaint, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Shamoon Saeed's residence, and denies those allegations on that basis. To the extent paragraph 7 purports to allege legal conclusions, no response to those allegations is necessary.

      8.     In response to paragraph 8 of the Complaint, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Arthur B. Hernandez's residence, and denies those allegations on that basis. To the extent paragraph 8 purports to allege legal conclusions, no response to those allegations is necessary.

      9.     In response to paragraph 9 of the Complaint, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Erika B. Godfrey's residence, and denies those allegations on that basis. To the extent paragraph 9 purports to allege legal conclusions, no response to those allegations is necessary.

      10.     In response to paragraph 10 of the Complaint, RSF states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Timothy Otten's residence, and denies those allegations on that basis. To the extent paragraph 10 purports to allege legal conclusions, no response to those allegations is necessary.

11.     In response to paragraph 11 of the Complaint, RSF specifically denies that it is a "member and division" of Reed and that it acquired, controls and operates RDMI.  RSF denies the remaining allegations in paragraph 11.

12.     To the extent that it is involved in the preparation and sale of Accurint reports, RSF denies the allegations in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, RSF denies the allegations as to RSF.  RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

14.     In response to paragraph 14 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

15.     In response to paragraph 15 of the Complaint, RSF denies the allegations as to RSF.  RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

16.     RSF denies the allegations in paragraph 16 of the Complaint.

17.     RSF denies the allegations in paragraph 17 of the Complaint.

## IV. FACTUAL ALLEGATIONS

### A. Alleged Practices as a Consumer Reporting Agency

18.     In response to paragraph 18 of the Complaint, RSF admits that RDMI is a Florida corporation.  RSF lacks sufficient knowledge or information to form a belief as to the truth of the

allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 18.

19.     In response to paragraph 19 of the Complaint, RSF admits that at one time it offered a product known as "Express Screening," which had previously been known as "Securint." RSF also admits that after 2004, RDMI offered a product known as "Accurint." RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 19.

20.     In response to paragraph 20 of the Complaint, RSF denies the allegations as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. To the extent paragraph 20 purports to allege legal conclusions, no response to those allegations is necessary. Except as expressly admitted, RSF denies the allegations in paragraph 20.

21.     In response to paragraph 21 of the Complaint, RSF further admits that Accurint reports prepared by RDMI, depending on the request of any particular Accurint customer, may contain information about various kinds of public records, including judgments, liens, bankruptcies, criminal records, and licensing histories. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 21.

22.     In response to paragraph 22 of the Complaint, RSF admits that from time to time, it sells reports, prepared by RDMI, known as "Accurint" reports. RSF denies the remaining

allegations in paragraph 22 as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 22.

23.     In response to paragraph 23 of the Complaint, RSF denies the allegations as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

24.     In response to paragraph 24 of the Complaint, RSF admits that from time to time, it sells reports, prepared by RDMI, known as "Accurint" reports, to debt collectors. RSF denies the remaining allegations in paragraph 24 as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 24.

25.     In response to paragraph 25 of the Complaint, RSF denies the factual allegations. RSF states that no response is necessary as to those allegations that are legal conclusions.

26.     In response to paragraph 26 of the Complaint, RSF states that no response to those allegations is necessary as they purport to allege legal conclusions. To the extent a response is required, RSF denies the allegations of paragraph 26.

27.     In response to paragraph 27 of the Complaint, RSF denies the allegations as to RSF. RSF states that it is not a "consumer reporting agency" and that "Accurint" reports are not "consumer reports" as those terms are used in the FCRA, and that RSF therefore is not required to undertake the various practices imposed on "consumer reporting agencies" with respect to

"consumer reports." RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

28.     In response to paragraph 28 of the Complaint, RSF admits that the customers to which it sells Accurint reports are required to certify that the reports will not be used to make eligibility determinations of a type that define communications as "consumer reports" within the meaning of the FCRA. RSF denies the remaining allegations in paragraph 28 as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 28.

29.     In response to paragraph 29 of the Complaint, RSF states that the phrase "governed by" renders the allegations unintelligible, as the FCRA does not "govern" "purposes." To the extent that the paragraph is intelligible, RSF denies the allegations in paragraph 29 of the Complaint.

30.     In response to paragraph 30 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. RSF admits that since it is not a "consumer reporting agency" and "Accurint" reports are not "consumer reports" as those terms are used in the FCRA, RSF is not required to undertake the various practices imposed on "consumer reporting agencies" with respect to "consumer reports," and thus does not disclose the identities of its subscribers (such as law enforcement agencies) that obtain Accurint reports. Except as expressly admitted, RSF denies the allegations in paragraph 30.

31.     In response to paragraph 31 of the Complaint, RSF denies the allegations in paragraph 31.

32.     In response to paragraph 32 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.  RSF admits that since it is not a "consumer reporting agency" and "Accurint" reports are not "consumer reports" as those terms are used in the FCRA, RSF is not required to undertake the various practices required of "consumer reporting agencies" with respect to "consumer reports," including the provision of statements of rights with respect to "consumer reports."  Except as expressly admitted, RSF denies the allegations in paragraph 32.

33.     In response to paragraph 33 of the Complaint, RSF states that no response to those allegations is necessary as they purport to allege legal conclusions.  To the extent a response is required, RSF denies the allegations in paragraph 33.

34.     In response to paragraph 34 of the Complaint, RSF states that no response to those allegations is necessary as they purport to allege legal conclusions.  To the extent a response is required, RSF denies the allegations of paragraph 34.

35.     In response to paragraph 35 of the Complaint, RSF states that no response to those allegations is necessary as they purport to allege legal conclusions.  To the extent a response is required, RSF denies the allegations of paragraph 35.

36.     In response to paragraph 36 of the Complaint, RSF admits that an action was filed in the United States District Court for the District of New Jersey captioned Adams, et al. v.

LexisNexis Risk & Information Analytics Group, Inc., et al., No. 1:08-cv-04708-RMB-KMW

("Adams Action").  Except as expressly admitted, RSF denies the allegations in paragraph 36.

37.     In response to paragraph 37 of the Complaint, RSF admits that on May 12, 2010,

the U.S. District Court entered an Order granting in part and denying in part the defendants'

Motion for Judgment on the Pleadings.  The Complaint's characterization of the Order is a legal

conclusion, to which no response is necessary.  Except as expressly admitted, RSF denies the

allegations in paragraph 37.

38.     In response to paragraph 38 of the Complaint, RSF states that the Complaint's

characterization of the Order is a legal conclusion, to which no response is necessary.  Except as

expressly admitted, RSF denies the allegations in paragraph 38.

39.     RSF admits the allegations in paragraph 39.

**B.  The Experiences of the Representative Plaintiffs**

40.     In response to paragraph 40 of the Complaint, RSF admits that from time to time

it sells or has sold reports, prepared by RDMI, known as "Accurint" reports and products that

have been called, at one time or another, "SmartJury Report," "Bankruptcy Search,"

"Bankruptcy Report," "Foreclosures Search," "Liens/Judgments Search Report," "Property

Deeds Search Report," "Summary Report," "Asset Report," "Pre-Litigation Report," "Contact

Card Report," "Finder Report," and "Comprehensive Report."  RSF denies the remaining

allegations in paragraph 40 as to RSF.  RSF lacks sufficient knowledge or information to form a

belief as to the truth of the allegations as to others, and denies the allegations on that basis.

Except as expressly admitted, RSF denies the allegations in paragraph 40.

41.     In response to paragraph 41 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41, and denies the allegations on that basis.

42.     In response to paragraph 42 of the Complaint, RSF admits that it claims that the FCRA does not apply to any Accurint product and that Accurint reports may contain public record information.  RSF states that the remaining allegations in paragraph 42 consist of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the remaining allegations in paragraph 42.  Except as expressly admitted, RSF denies the allegations in paragraph 42.

43.     In response to paragraph 43 of the Complaint, RSF admits that from time to time it sells reports, prepared by RDMI, called "Comprehensive Reports."  RSF lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and denies the allegations on that basis.  Except as expressly admitted, RSF denies the allegations in paragraph 43.

44.     In response to paragraph 44 of the Complaint, RSF admits that from time to time it sells a product, prepared by RDMI, called "People at Work Search."  RSF denies the remaining allegations in paragraph 44 as to RSF.  RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.  Except as expressly admitted, RSF denies the allegations in paragraph 44.

45.     In response to paragraph 45 of the Complaint, RSF admits that from time to time it sells a product, prepared by RDMI, called "Deep Skip Search."  RSF denies the remaining allegations in paragraph 45 as to RSF.  RSF lacks sufficient knowledge or information to form a

belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 45.

46.      In response to paragraph 46 of the Complaint, RSF admits that from time to time it sells a product, prepared by RDMI, called "Person Search." RSF denies the remaining allegations in paragraph 46 as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 46.

47.      In response to paragraph 47 of the Complaint, RSF admits that from time to time it sells products, prepared by RDMI, called "Bankruptcy Search" and "Bankruptcy Report." RSF denies the remaining allegations in paragraph 47 as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 47.

48.      In response to paragraph 48 of the Complaint, RSF denies the allegations in paragraph 48.

49.      In response to paragraph 49 of the Complaint, RSF admits that the customers to which it sells Accurint reports are required to certify that the reports will not be used to make eligibility determinations of a type that define communications as "consumer reports" within the meaning of the FCRA. RSF denies the remaining allegations as to RSF. RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, RSF denies the allegations in paragraph 49.

50.     In response to paragraph 50 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.  RSF admits it markets Accurint reports to debt collectors as a tool to locate consumers.  RSF states that that the phrase "governed by" renders the balances of the allegations of paragraph 50 unintelligible, as the FCRA does not "govern" "purposes."  To the extent that the paragraph is intelligible, RSF denies the remaining allegations as to RSF.

51.     In response to paragraph 51 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51, and denies them on that basis.

52.     In response to paragraph 52 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52, and denies them on that basis.

53.     In response to paragraph 53 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 53, and denies them on that basis.

54.     In response to paragraph 54 of the Complaint, RSF lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54, and denies them on that basis.

## IV.  CLASS ACTION ALLEGATIONS

### A.  The "Impermissible Use" Class

55.     In response to paragraph 55 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  RSF further admits that Plaintiffs purport to define a class in paragraph 55.  Except as expressly admitted, RSF denies the allegations in paragraph 55.

56.     In response to paragraph 56 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  RSF further admits that Plaintiffs purport to define a sub-class as alleged in paragraph 56.  Except as expressly admitted, RSF denies the allegations in paragraph 56.

57.     In response to paragraph 57 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  RSF further admits that Plaintiffs purport to define a sub-class as alleged in paragraph 57.  Except as expressly admitted, RSF denies the allegations in paragraph 57.

58.     In response to paragraph 58 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 58.

59.     In response to paragraph 59 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 59.

60.     In response to paragraph 60 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 60.

61.     In response to paragraph 61 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 61.

62.     In response to paragraph 62 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 62.

## B. The "File Request" Class

63.     In response to paragraph 63 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  RSF further admits that Plaintiffs purport to define a class as alleged in paragraph 63.  Except as expressly admitted, RSF denies the allegations in paragraph 63.

64.     In response to paragraph 64 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  RSF further admits that Plaintiffs purport to define a sub-class as alleged in paragraph 64.  Except as expressly admitted, RSF denies the allegations in paragraph 64.

65.     In response to paragraph 65 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 65.

66.    In response to paragraph 66 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 66.

67.    In response to paragraph 67 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 67.

68.    In response to paragraph 68 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 68.

69.    In response to paragraph 69 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 69.

## C. The "Dispute" Class

70.    In response to paragraph 70 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class. RSF further admits that Plaintiffs purport to define a class as alleged in paragraph 70.  Except as expressly admitted, RSF denies the allegations in paragraph 70.

71.    In response to paragraph 71 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  RSF further admits that Plaintiffs purport to define a sub-class as alleged in paragraph 71.  Except as expressly admitted, RSF denies the allegations in paragraph 71.

72.     In response to paragraph 72 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 72.

73.     In response to paragraph 73 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 73.

74.     In response to paragraph 74 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 74.

75.     In response to paragraph 75 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 75.

76.     In response to paragraph 76 of the Complaint, RSF admits that Plaintiffs purport to bring this action on behalf of a class.  Except as expressly admitted, RSF denies the allegations in paragraph 76.

## VI.  CAUSES OF ACTION

### COUNT ONE:  FAIR CREDIT REPORTING ACT

**CLASS ACTION CLAIM:  Plaintiffs Berry, Darbonne, Millen, Hernandez, Godfrey, and Saeed**

**15 U.S.C. §1681e(a)**

77.     In response to paragraph 77 of the Complaint, RSF realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

78.     In response to paragraph 78 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary. To the extent a response is required, RSF denies the allegations in paragraph 78.

79.     In response to paragraph 79 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary. To the extent a response is required, RSF denies the allegations in paragraph 79.

80.     In response to paragraph 80 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary. To the extent a response is required, RSF denies the allegations in paragraph 80.

## COUNT TWO: FAIR CREDIT REPORTING ACT

## CLASS ACTION CLAIM:  Plaintiffs Berry, Darbonne, Millen, and Saeed
## 15 U.S.C. §§1681g, 1681h, 1681i, and 1681j

81.     In response to paragraph 81 of the Complaint, RSF realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

82.     In response to paragraph 82 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary. To the extent a response is required, RSF denies the allegations in paragraph 82.

83.     In response to paragraph 83 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary. To the extent a response is required, RSF denies the allegations in paragraph 83.

84.     In response to paragraph 84 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 84.

85.     In response to paragraph 85 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 85.

86.     In response to paragraph 86 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 86.

87.     In response to paragraph 87 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 87.

88.     In response to paragraph 88 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 88.

89.     In response to paragraph 89 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 89.

## COUNT THREE:  FAIR CREDIT REPORTING ACT

### CLASS ACTION CLAIM:  Plaintiff Otten

### 15 U.S.C. §§1681i

90.     In response to paragraph 90 of the Complaint, RSF realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

91.     In response to paragraph 91 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 91.

92.     In response to paragraph 92 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 92.

93.     In response to paragraph 93 of the Complaint, RSF states that the paragraph consists exclusively of legal conclusions, to which no response is necessary.  To the extent a response is required, RSF denies the allegations in paragraph 93.

### VII.  JURY TRIAL DEMAND

94.     RSF admits that Plaintiffs request a trial by jury.

### VIII.  PRAYER FOR RELIEF

RSF denies that it is liable to Plaintiffs for any of the relief requested in the Complaint.

### ADDITIONAL DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that RSF bears any burden of proof as to any of them, RSF asserts the following

additional defenses.  RSF intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint, and its purported causes of action, fails to the extent that the Complaint fails to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

The Complaint, and its purported causes of action, fails to the extent that it is barred by the statute of limitations.

## THIRD ADDITIONAL DEFENSE

The Complaint, and its purported causes of action, fails to the extent Plaintiffs lack standing or Plaintiffs have not taken action necessary to avail themselves of the rights they claim under the FCRA.

## FOURTH ADDITIONAL DEFENSE

The Complaint, and its purported causes of action, is subject to a set-off, should any damages be awarded against RSF, in the amount of any damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries.  RSF also is entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims for punitive damages are unconstitutional because they violate constitutional protections of the United States Constitution.  An award of punitive damages in

this action would violate the due process rights of RSF under (1) the Fifth and Fourteenth Amendments to the United States Constitution; and (2) the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution.  Punitive damages are penal in nature, and RSF is being subjected to a claim for criminal penalty without the constitutional safeguards against double jeopardy, vagueness, lack of specific guidelines and standards, self incrimination, proof beyond a reasonable doubt, equal protection, substantive due process, and procedural due process.

## **PRAYER**

WHEREFORE, RSF requests that this Court:

(a)    Dismiss Plaintiffs' Complaint with prejudice;

(b)    Enter judgment in favor of RSF;

(c)    Deny Class Certification;

(d)    Award RSF its attorney's fees and costs of suit incurred in defense of the Complaint; and

(e)    Award RSF such other relief the Court deems appropriate.

Dated:  June 11, 2012

**LEXISNEXIS RISK SOLUTIONS FL INC.**

/s/ David N. Anthony
David N. Anthony
Virginia Bar No. 31696
*Counsel for LexisNexis Risk Solutions FL Inc.*
TROUTMAN & SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone:  804.697.5410
Facsimile:  804.698.5118
Email:  david.anthony@troutmansanders.com

Ronald I. Raether, Jr. (*Pro Hac Vice*)
FARUKI IRELAND & COX. P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  937.227.3733
Facsimile:  937.227.3717
Email:  rraether@ficlaw.com

James F. McCabe (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
Telephone:  415.268.7000
Facsimile:  415.268.7522
Email:  jmccabe@mofo.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on the 11th day of June, 2012, I electronically filed the foregoing Answer of

Defendant LexisNexis Risk Solutions FL Inc. to the Class Action Complaint with the Clerk of

Court using the CM/ECF system, which will then send notification of such filing (NEF) to the

following:

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA  23803-3212

Leonard A. Bennett
Matthew Erausquin
Consumer Litigation Associates P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA  23606

Michael A. Caddell
Cynthia B. Chapman
Craig C. Marchiando
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX  77010

James A. Francis
Mark D. Mailman
John Soumilas
Francis & Mailman
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

/s/ David N. Anthony
David N. Anthony
Virginia Bar No. 31696
*Counsel for LexisNexis Risk Solutions FL Inc.*
TROUTMAN & SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone:  804.697.5410
Facsimile:  804.698.5118
Email:  david.anthony@troutmansanders.com

585199.1