IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GREGORY THOMAS BERRY, et al.          :

      Plaintiffs,          :

v.          :          CASE NO. 3:11CV754

LEXISNEXIS RISK & INFORMATION          :
ANALYTICS GROUP, INC., et al.
                :
      Defendants.          :

                :

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Gregory

Thomas Berry, Summer Darbonne, Rickey Millen, Shamoon Saeed, Arthur B.

Hernandez, Erika A. Godfrey and Timothy Otten ("Plaintiffs") and Defendants

LexisNexis Risk and Information Analytics Group Inc., Seisint, Inc. and Reed Elsevier

Inc. ("Defendants") through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be

sought, produced or exhibited by and among the parties relating to trade secrets,

proprietary systems, confidential commercial information, confidential research and

development, or other proprietary information belonging to Defendants and/or credit and

other confidential information of Plaintiffs, the Court ORDERS that the following

guidelines shall govern the use, handling, and disclosure of all documents, testimony or

other information produced or given in this action which are designated to be subject to this

Order.

## I.   Definitions

1.    As used in this Order the word:

   a.   "Material" shall include any document, material or information in any form or medium whatsoever, including, without limitation, any audio, written or printed matter, any photography, drawing, chart, design, or other pictorial representation, and any electronic, magnetic, or photographic recording, whether tape, film, disc, microfiche, or any other medium.

   b.   "Person" shall include any party or non-party to this action, whether an individual, corporation, partnership, unincorporated association, governmental agency, or other business or government entity.

   c.   "Confidential Material" means any Material designated as confidential in accordance with the terms of this Order.

## II.   Confidential Designation

2.    Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the Producing Party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing, trial or on appeal, and shall be treated in accordance with the terms of this Order. Materials so designated shall be clearly marked on their face with the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are included within the definition of "Confidential Material."

3.    The Parties may designate as Confidential Material only such Material that they in good faith believe is entitled to protection pursuant to the standards set forth in paragraph 2 of this Order. A Producing Party may designate as Confidential Material any Material provided to any Party in this action that meets the standards of

2

confidentiality set forth in paragraph 2 of this Order.  If a Person or firm who is not a party to this agreement produces, in response to discovery requests in the above-captioned action, material or information that the producing Person or firm received in confidence from a Party hereto and which meets the standards of confidentiality set forth in paragraph 2 of this Order, then that Party hereto may designate (or cause the producing Person or firm to designate) such Material or information as Confidential Material.  The Party hereto responsible for such designation shall have the same rights and obligations as a Producing Party under this Order.

4.      In the event the Producing Party elects to produce files and records for inspection and the inspecting party desires to inspect files, no markings need to be made by Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all documents within the produced files shall be considered Confidential Material.  Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality designation at the time the copies are produced to the inspecting party.  Subject to the provisions of paragraphs 15-19 below, any selected documents not so marked by the Producing Party shall no longer be considered Confidential Material.

## III.    Restrictions on Use of Confidential Material

5.      Confidential Material shall not be disclosed, nor shall its contents be disclosed, to any Person other than those described in paragraph 7 of this Order and other than in accordance with the terms, conditions and restrictions of this Order.

3

6.     Confidential Material and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses the substance of any Confidential Material), shall not be used for any purpose whatsoever other than solely for discovery, and/or for the preparation and trial of this action in accordance with this Order.

7.     For purposes of for discovery, and/or the preparation, trial, and appeal of this action, and subject to the terms, conditions, and restrictions of this Order, counsel for the discovering party ("Discovering Counsel") may disclose Confidential Material and the contents of Confidential Material only to the following Persons:

   a.     Counsel engaged by a Party in this action and such counsel's partners, associates, paralegals, and secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action.

   b.     Defendants.

   c.     Each Plaintiff in this action.

   d.     Court reporters and their staff (other than those court reporters employed by the Court addressed in subparagraph 7(e) below) whose duties require access to confidential material.

   e.     The Court and any person employed by the Court whose duties require access to Confidential Material.

   f.     Experts, counsel not of record, and consultants retained, specifically employed, or informally consulted by any counsel described in subparagraph 7(a) above concerning the preparation, trial or appeal of this action and their secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action.

8.     All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to Persons authorized pursuant to paragraph 7 of this Order.

9.      In the absence of prior written permission from the Producing Party or an order by the Court, any Party that seeks to disclose any Confidential Material designated as CONFIDENTIAL - ATTORNEY'S EYES ONLY to any expert or consultant, pursuant to paragraph 7(f) of this Order, who is currently employed or has ever been employed by a competitor of Producing Party, must give notice in writing by facsimile or by electronic transmission to the Producing Party not less than seven (7) days prior to the proposed disclosure.  Such notice must include the following things:

a.      The proposed expert or consultant's full name, professional address, and professional affiliations;

b.      An up-to-date curriculum vitae identifying the past five years of consulting history;

c.      A list of cases in which the expert or consultant has testified at a deposition or at trial within the last five years; and

d.      A summary of the disclosure.

10.     If the Producing Party objects in good faith to the disclosure under paragraph 9, it must give notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof to Discovering Party prior to the date of the proposed disclosure. If the dispute is not resolved informally within five (5) days of such notice of objections, the Producing Party shall submit its objections to the Court, together with a request for a ruling, not later than ten (10) days after the expiration of that five-day period. If an objection is made, no disclosure shall be made until the Producing Party consents in writing to such disclosure or the Court issues an order regarding such disclosure.

## IV.     Undertaking to be Bound by Protective Order

11.     Confidential Material shall not be disclosed to any person described in paragraphs 7(d) and (f) unless he or she has executed a written, dated declaration in the form attached as Form A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such Confidential Material to anyone, and agreed to utilize such Confidential Material solely for the purposes of this litigation. All Persons to whom Confidential Material is disclosed are hereby enjoined from disclosing same to any other Person except as provided in this Order, and are also enjoined from using same except in the preparation for, trial and any appeal of this action between the Parties thereto. No Person receiving or reviewing Confidential Material shall disseminate or disclose them to any Person other than those described above in paragraph 7 and for the purposes specified, and in no event shall such Person make any other use of such Confidential Material.

12.     In the absence of prior written permission from the Producing Party or an order by the Court, "Confidential - Attorney Eyes Only" material shall not be disclosed to

6

any Person other than counsel of record in this case and in-house counsel for the LexisNexis defendants.

13.     Discovering Counsel, or his or her designee, shall be responsible for preserving and keeping in a separate file all signed "Form A"s until the end of one year following the final termination of this action.

14.     Should any Material already designated confidential be disclosed by the Discovering Party, through inadvertence or otherwise, to any Person not authorized under this Order, the Discovering Party shall use its best efforts to bind such Person to the terms of this Order; and the Discovering Party shall:

a.     Promptly inform such Person of all the provisions of this Order;

b.     Immediately identify such Person and the Confidential Material disclosed to the Party or non-party that designated the document as containing Confidential Material;

c.     Request such Person to sign a copy of Form A and promptly provide a copy of the executed Form A to the Producing Party; and

d.     If the Discovering Party is unable to secure an executed Form A from the Person, retrieve from such Person all copies of documents containing the inadvertently disclosed information.

## V.     <u>Inadvertent Disclosure of Privileged Information</u>

15.     Any inadvertent disclosure of information that otherwise is not discoverable for reasons of the attorney-client privilege, work product privilege, or other privilege, doctrine, or immunity, shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

## VI.    **Depositions**

16.    A deponent may be shown and examined about stamped confidential documents if the deponent produced or otherwise already knows the Confidential Material or if the Discovering Counsel has complied with paragraphs 7 and 11 above.

17.    If a witness at a deposition refuses to sign Form A as required by paragraph 11, Discovering Counsel may show Confidential Material to the witness, and examine the witness concerning same, provided that neither the witness nor his counsel, if any, may retain or be given any copy of the Confidential Material.

18.    A Party wishing to designate portions of a deposition transcript as Confidential Material pursuant to this Order must, within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript "Confidential" or "Confidential - Attorney's Eyes Only," in accordance with paragraph 2 of this Order. The designating party shall designate such Confidential Material either on the record or by serving upon all Counsel of Record via facsimile or other electronic transmission a Notice setting forth the page, line numbers, and designation. The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as Confidential Material until the expiration of the ten (10) day period described in this paragraph. Any portions of a transcript designated as Confidential Material shall thereafter be treated as confidential in accordance with this Order. The Parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations

8

where a more expedited filing of a designated portion of the deposition transcript is required.

**VII.    Objections to Confidentiality**

19.     If a Discovering Party objects to a Producing Party's designation of Material as Confidential Material, the Discovering Party shall notify the Producing Party in writing by facsimile or by electronic transmission of its objection. The written objection shall state separately the Bates number(s) of each document or, if not a document, identify each thing with sufficient particularly as to which the Discovering Party disputes the designation of the Material as Confidential Material, and shall separately state as to each such document or thing the basis for the Discovering Party's objection.

20.     If such written notice is given, the Producing Party, within fifteen (15) days of receipt of the Discovering Party's objection, may file a motion for a specific Protective Order in order to continue to treat as Confidential Material the documents or things described in the Discovering Party's written objection. In opposing such a motion, the Discovering Party shall be limited in its arguments against designation of Confidential Material to those bases stated in its written objection to designation of such document or things as Confidential Material provided in accordance with paragraph 19 of this Order. If the Producing Party files such a motion within fifteen (15) days of service of the Discovering Party's objection, the Discovering Party shall continue to retain the documents or things as Confidential Material, consistent with the Producing Party's designation, until the Court has ruled on the Producing Party's motion.

**VIII.   Use of Confidential Materials in Pleadings and Other Court Papers**

21.    Any Party seeking to file with the Court any pleading, interrogatory answer, affidavit, motion, brief or other paper containing, appending, summarizing, excerpting or otherwise embodying Confidential Material, must contact the Producing Party two (2) business days prior to such filing to:  (i) provide the Producing Party with the Bates number(s) of each document or identity of each thing designated as Confidential Material that it seeks to file with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the Confidential Material can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the Party seeking to retain the confidentiality of such document(s) or information shall by the next business day file a Motion to permit the filing of such document(s) or information under Seal in accordance with Local Rules 5(C), 5(D) and 5(E). The Parties shall work together in good faith to coordinate the filing of all motions and Material covered by this paragraph to permit compliance with the local rules.  In the event the Producing Party is unable to file such Motion to Seal simultaneously or prior to the opposing Party's deadline to file the related pleading, the Producing Party consents to an enlargement of time past such deadline to permit the filing of the pleading simultaneously with its filing of the Motion to Seal.

**IX.    Use of Confidential Information at Pretrial Hearings and Trial**

22.    Prior to the use of any Confidential Material at any pretrial hearing in this action, Discovering Counsel shall take reasonable steps to afford Producing Counsel the opportunity to object to the disclosure of Confidential Material in open court, including but not limited to, by identifying the Bates number(s) of each document or identifying

10

each thing designated as Confidential Material that Discovering Counsel intends to use.

23.     Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at trial.

## X.     Return of Confidential Material

24.     Within thirty (30) days after the conclusion of this case, any Producing Party, upon written request, may direct the respective Discovering Party to return or to destroy Confidential Material provided by the Producing Party, at the expense of the Producing Party.  Within sixty (60) days of receipt of such a request, the Discovering Party shall return or destroy, as requested, and verify in writing that it has done so, all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting or otherwise embodying any Confidential Material, except that counsel for the Discovering Party shall be entitled to (a) destroy any Confidential Material stored in or by data processing equipment and (b) retain work product memoranda or pleadings embodying Confidential Material.  Any Confidential Material embodied in memoranda or pleadings retained in the files of Discovering Counsel, however, shall not be disclosed to any Person, other than the Discovering Counsel's partners, associates and employees, and shall not be used for any purpose.  If, after appropriate application to the Court, any confidential deposition transcript, exhibit or other Material is returned to the Parties or to their counsel by the Clerk of the Court, such Material shall also be returned or

11

destroyed, as set forth above.  Upon request of the Producing Party, all deposition

transcripts, stenographic notes and tape recordings that embody Confidential Material shall

be destroyed by the stenographic reporter.  Each Discovering Party and its counsel shall

make reasonable efforts to ensure compliance with this paragraph and to locate, retrieve and

return or destroy all Confidential Material provided by the Producing Party.

## XI.    Third Party Subpoenas or Demands

25.    If any Discovering Party (a) is subpoenaed in another action, (b) is served

with a demand in another action to which it is a party, or (c) is served with any other

legal process by one not a party to this action, seeking information which was produced

or designated as confidential by someone other than the Discovering Party, the

Discovering Party shall transmit a copy of such subpoena, demand, or legal process by

hand or facsimile transmission, within two (2) business days of receipt of such subpoena,

demand or legal process to those who produced or designated the Material as confidential

and shall reasonably cooperate with the Producing Party in permitting the Producing

Party to prepare timely objections to such production. The Discovering Party shall not

produce such Confidential Materials until the date on which a response to the subpoena

is due, and shall then not produce such Confidential Materials while any objection or

motion filed by the Producing party regarding the subpoena remains pending.  Should

the Person seeking access to the Confidential Material take action against the

Discovering Party or anyone also covered by this Order to enforce such a subpoena,

demand or other legal process, the Discovering Party shall respond by setting forth the

existence of this Order. Nothing herein shall be construed as requiring the Discovering

Party or anyone else covered by this Order to challenge or appeal any order requiring

12

producing of Confidential Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

## XII.  Scope of this Order

26.    Any Party or attorney for a Party may furnish Confidential Material to any other Party or attorney for a Party without waiving the confidentiality of the material.

27.    This Order does not prevent any Party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

28.    Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be produced pursuant to the Federal Rules of Civil Procedure; (b) to seek to modify or obtain relief from any aspect of this Order; (c) to object to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of Confidential Material governed by this Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

29.    The placing of either a confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.  Any party requesting that an

13

unmarked copy be used at trial shall provide a clean copy to the proponent of the document.

30.    Neither the entry of this Order, nor the designation of Material as confidential, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any Material as confidential does not waive that Party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

31.    This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all Parties bound hereby for the purposes of enforcing this Order. Each Person that has executed a Form A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

32.    Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of Material designated as Confidential Material pursuant to this Order.

33.    This Order is entered without prejudice to the right of any Person to waive the applicability of this Order to any Confidential Material produced or disclosed by that Person or to use any Confidential Material owned by that Person in any manner that Person deems appropriate.

All promises, agreements, obligations and covenants made herein shall be deemed to be orders of this Court, as well as contractual undertakings of the Parties,

14

and shall be specifically enforceable by this Court by any relief deemed appropriate by this Court.

**AGREED:**

Dated: August 7th 2012

**COUNSEL FOR PLAINTIFFS:**

Leonard A. Bennett, VSB #37523
Matthew Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@cox.net

Dale W. Pittman, VSB #15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Facsimile: (804) 861-3368
Email: dale@pittmanlawoffice.com

Michael A. Caddell
Cynthia B. Chapman
Craig C. Marchiando
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

James A. Francis
Mark D. Mailman
John Soumilas
Francis & Mailman
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600

15

**COUNSEL FOR DEFENDANTS LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP INC., SEISINT INC. AND REED ELSEVIER INC.**

Dated: _August 8_ , 2012

David N. Anthony, VSB #31696
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com

James F. McCabe
MORRISON & FOERSTER LLP
426 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7011
Facsimile: (415) 268-7522
Email: jmccabe@mofo.com

Ronald I. Raether, Jr.
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3733
Facsimile: (937) 227-3717
Email: rraether@ficlaw.com


Let the Clerk forward a copy of this Order to all counsel of record.

It is so ORDERED.

Richmond, Virginia

Date: _8-10-12_

UNITED STATES DISTRICT JUDGE


_____/s/_____

**James R. Spencer**
**United States District Judge**

16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GREGORY THOMAS BERRY, et al.,    :

       Plaintiffs,           :

                       :

v.                          :      CASE NO. 3:11CV754

                       :

LEXISNEXIS RISK & INFORMATION    :
ANALYTICS GROUP, INC., et al.,     :

                       :

       Defendants.         :

                       :

## DECLARATION OF (NAME) UNDER STIPULATED PROTECTIVE ORDER

I, _____, declare as follows:

    1.    My name is _____ _____. I am over 21 years of

age, of sound mind, capable of executing this Declaration, and have personal knowledge of

the facts stated herein, and they are all true and correct.

    2.    My address is _____

    3.    My present employer is _____

    4.    My present occupation or job description is _____

    5.    I hereby acknowledge that: (i) I have been given a copy of the Stipulated

Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the

Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

    6.    I will comply with all of the provisions of the Protective Order.  I will hold all

Confidential Materials disclosed to me, including the substance and any copy, summary

abstract, excerpt, index or description, in confidence, and will not disclose such material to

anyone not qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes whatsoever other than as needed for my role in this case.

7.      I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

8.      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

9.      I declare under the penalty of perjury, under the laws of the United States, that the foregoing is true and correct.


Dated: _____ ___, 201__            _____