Case 3:11-cv-00754-JRS Document 59 Filed 03/14/13 Page 1 of 12 PageID# 305



FILED

MAR 14 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| GREGORY THOMAS BERRY, et al. | : | CASE NO. 3:11CV754 |
| Plaintiffs, | : | (Judge James R. Spencer) |
| v. | : | |
| LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC., et al. | : | |
| Defendants. | : | |
| | : | |

## AMENDMENT TO STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Gregory Thomas Berry, Summer Darbonne, Rickey Millen, Shamoon Saeed, Arthur B. Hernandez, Erika A. Godfrey, and Timothy Otten ("Plaintiffs") and Defendants LexisNexis Risk Solutions FL Inc., LexisNexis Risk Data Management, Inc., and Reed Elsevier Inc. (collectively, "Defendants") (collectively "Parties") through their respective attorneys of record, as follows:

WHEREAS, the Parties have reached a settlement which in part requires the Defendants to implement Injunctive Relief to the benefit of the Rule 23(b)(2) Settlement Class;

WHEREAS, the Settlement Agreement describes in detail the Injunctive Relief and the parameters for the development of two new suites of products and services for the Receivable Management Market where one suite will be treated as falling within the FCRA's "consumer report" definition ("Collections Decisioning") and the other suite of products and services will not be treated as falling within the FCRA's "consumer report" definition ("Contact & Locate");

WHEREAS, the Parties agree that certain materials will be filed in connection with the motion to approve the settlement which will contain commercially sensitive, business proprietary, and confidential information, including but not limited to trade secrets, strategic plans, sales, financial information, development, or other competitive and/or confidential information ("Settlement Confidential Information"); and

WHEREAS, the Court entered a Stipulated Protective Order on August 8, 2012 (Dkt No. 47), establishing guidelines for the use, handling, and disclosure of all documents, testimony or other information produced or given in this Action ("August 2012 Protective Order");

WHEREAS, the Parties seek to amend the August 2012 Protective Order pursuant to Federal Rule of Civil Procedure Rule 26(c) to establish a process to permit Rule 23(b)(2) Settlement Class Members access to Settlement Confidential Information as part of the Federal Rule of Civil Procedure Rule 23(e) process while preventing the inappropriate use and disclosure of such commercially sensitive, business proprietary, and confidential information, such as use by a competitor to gain an unfair competitive advantage.

IT IS HEREBY ORDERED that the August 2012 Protective Order is amended as follows.

I. **Definitions**

    1. Unless stated otherwise, terms used in this amendment to the August 2012 Protective Order ("Amendment to Stipulated Protective Order") shall be given the same meaning as those terms that are used or defined in the August 2012 Protective Order and the Settlement Agreement.

II. **Materials Subject to This Protective Order**

2. This Amendment to Stipulated Protective Order applies to Settlement Confidential Information. The Parties believe in good faith that the Settlement Confidential Information constitutes, contains, or refers to extremely sensitive information that is not available to or accessible by the general public, and contains business or financial information, other confidential commercial or technical information, or information that, if disclosed to a business competitor, could create a substantial risk of serious damage to Defendants' competitive position.

III. **Restrictions on Access to Settlement Confidential Information**

3. Except as modified expressly by this Amendment to Stipulated Protective Order, the August 2012 Protective Order remains in full force and effect. Settlement Confidential Information shall be treated as if designated Confidential pursuant to the August 2012 Protective Order for all purposes except as amended below.

4. Settlement Confidential Information shall not be disclosed, nor shall its contents be disclosed, to any Person other than those described in paragraph 5 of this Amendment to Stipulated Protective Order and the August 2012 Protective Order.

5. Settlement Confidential Information may be disclosed to a Person who qualifies as a member of the Rule 23(b)(2) Settlement Class, subject to the conditions provided in section IV of this Order.

6. Settlement Confidential Information and all information derived therefrom shall not be used for any purpose whatsoever other than solely in connection with the consideration of the terms of the Settlement Agreement as part of the Federal Rule of Civil

Procedure Rule 23(e) process and in accordance with the terms, conditions, and restrictions of the August 2012 Protective Order and this Order.

7. Settlement Confidential Information shall be kept secure by counsel for both Parties and access to the Settlement Confidential Information shall be limited to persons authorized pursuant to paragraph 5 of this Order and the August 2012 Protective Order.

IV. **Access to Settlement Confidential Information for Rule 23(b)(2) Settlement Class Members**

8. A Person who is a member of the Rule 23(b)(2) Settlement Class may review Settlement Confidential Information under the following conditions:

   a. The Person must contact Class Counsel at least 10 days before the deadline for submitting objections to the proposed settlement;

   b. The Person must visit the offices of Troutman Sanders LLP, located at 1001 Haxall Point, Richmond, VA 23219, on the date and time scheduled with Class Counsel;

   c. The Person must sign in at the offices of Troutman Sanders LLP, providing his or her name, address, and telephone number;

   d. The Person must present a government issued proof of identification matching the information provided in 8(c) of this Order; and

   e. The Person must sign the acknowledgement described in paragraph 10 of this Order.

9. A Person who is granted access to the Settlement Confidential Information under paragraph 5 of this Order may review the contents of the Settlement Confidential Information, but is prohibited from keeping a copy, making a photocopy, taking a photograph, or otherwise reproducing any portion of the Settlement Confidential Information. The Defendants are granted the unrestricted right to monitor the Person given access to the Settlement Confidential Information at all times during the review without limitation.

V. **Undertaking to be Bound by this Order**

10. Settlement Confidential Information shall not be disclosed to any Person described in paragraph 5 of this Order, unless he or she has executed a written, dated acknowledgement in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal the contents of the Settlement Confidential Information to anyone, and agreed to utilize the contents of the Settlement Confidential Information solely for the purpose of consideration of the terms of the Settlement Agreement as part of the Federal Rule of Civil Procedure Rule 23(e) process and otherwise in accordance with this Order.

11. All Persons who are granted access to review the contents of the Settlement Confidential Information in accordance with paragraph 5 of this Order are hereby enjoined from disclosing the contents of same to any other person, and are also enjoined from using same except in connection with the consideration of the terms of the Settlement Agreement as part of the Federal Rule of Civil Procedure Rule 23(e) process and in accordance with this Order. Without restricting the above limitations on permitted use in any way, all Persons who are granted access to review the contents of the Settlement Confidential Information are enjoined from disclosing the contents of same to any business involved directly or indirectly in the

aggregation or reporting of public record information or using such information on behalf of those entities. No Person receiving or reviewing the Settlement Confidential Information shall reveal the contents of the Settlement Confidential Information to any Person or business entity and in no event shall such Person make any other use of the contents of the Settlement Confidential Information.

12. Counsel for Parties, or their respective designees, shall be responsible for preserving and keeping in a separate file all executed copies of "Exhibit A" until the end of five years following the Effective Date.

13. Should the Settlement Confidential Information or any portion thereof be disclosed, through inadvertence or otherwise, to any Person not authorized under this Order, the Discovering Party shall:

    a. Promptly inform such Person of all the provisions of this Order;

    b. Immediately identify to Disclosing Party such Person and the content of the Settlement Confidential Inform that was disclosed;

    c. Request such Person to sign a copy of Exhibit A and promptly provide a copy of the executed Exhibit A to Disclosing Party; and

    d. Retrieve from such Person all copies of the materials containing the inadvertently disclosed information.

VI.     **Scope of this Order**

14.     This Order shall survive termination of this Action, and the Court retains jurisdiction over disputes regarding compliance with this Order, as well as any Person subject to the Order.

15.     Any Person subject to the provisions of this Order agrees to be subject to the restrictions imposed by this Order and to subject his or her person to the jurisdiction of the above-entitled court for the limited purpose of securing compliance with the terms of this Order.

16.     This Order is being entered without prejudice to the right of any Party for good cause shown to move this Court for modification of or relief from any of its terms, or to seek relief from the Court to declassify the Settlement Confidential Information as being confidential.

VII.    **Miscellaneous Provisions**

17.     This Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the Parties, collectively shall be deemed to be the original.

18.     If any Party or counsel for a Party is no longer a Party to or counsel for this Action for any reason, the Party or counsel for the Party continues to be bound by the terms and conditions of this Order.

All promises, agreements, obligations, and covenants made herein shall be deemed to be orders of this Court, as well as contractual undertakings of the Parties, and shall be specifically enforceable by this Court by any relief deemed appropriate by this Court.

IT IS SO ORDERED.

DATED: March 14, 2013

**SO ORDERED**

/s/
James R. Spencer
United States District Judge

**THIS AMENDMENT TO THE AUGUST 2012 STIPULATED PROTECTIVE ORDER IS STIPULATED AND AGREED BY:**

DATED: March 11, 2013

Dale W. Pittman (Bar No. 15673)
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803-3212
Telephone: 804.861.6000
Facsimile: 804.861.3668
Email: dale@pittmanlawoffice.com

Leonard A. Bennett (Bar No. 37523)
Consumer Litigation Associates P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone: 757.930.3660
Facsimile: 757.930.3662
Email: lenbennett@cox.net

Michael A. Caddell
Cynthia B. Chapman
Craig C. Marchiando
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX 77010
Telephone: 713.751.0400
Facsimile: 713.751.0906

James A. Francis
Mark D. Mailman
John Soumilas
Francis & Mailman
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: 215.735.8600

Attorneys for Plaintiffs

David N. Anthony (Bar No. 31696)
TROUTMAN & SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: 804.697.5410
Facsimile: 804.698.5118
Email: david.anthony@troutmansanders.com

Ronald I. Raether, Jr. (Pro Hac Vice)
FARUKI IRELAND & COX. P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: 937.227.3733
Telecopier: 937.227.3717
Email: rraether@ficlaw.com

James F. McCabe (Pro Hac Vice)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: jmccabe@mofo.com

Attorneys for Defendant Reed Elsevier Inc.,
LexisNexis Risk Solutions FL Inc. and
LexisNexis Risk Data Management, Inc.


## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| GREGORY THOMAS BERRY, et al. | : | CASE NO. 3:11CV754 |
| Plaintiffs, | : | (Judge James R. Spencer) |
| v. | : | |
| LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC., et al. | : | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| Defendants. | : | |
| | : | |

I, _____, declare as follows:

1. My name is _____. I am over 21 years of age, of sound mind, capable of executing this Acknowledgement, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. My address is _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I hereby acknowledge that: (1) I have received a copy of the Order issued by this Court on [DATE] Docket Number [##] in the above-captioned lawsuit ("Action"); (2) I

carefully read the terms of the Order; and (3) I understand and am familiar with the terms and conditions of the Order.

6. I hereby declare that, to the best of my knowledge, I qualify as a member of the Rule 23(b)(2) Settlement Class in this Action.

7. I agree to comply with and to be bound by each of the terms and conditions of the Order.

8. I agree to hold in confidence, in accordance with the requirements of the Order, any information or document disclosed to me pursuant to the Order.

9. I agree that any and all information or documents disclosed to me will be used solely in connection with the consideration of the terms of the Settlement Agreement as part of the Federal Rule of Civil Procedure Rule 23(e) process this Action, and not for any business, competitive, governmental, cause-oriented, advocacy, personal or any other purpose or function. I understand that by viewing the Settlement Confidential Information I also agree to be enjoined from disclosing the contents of same to any business involved directly or indirectly in the aggregation or reporting of public record information or using such information on behalf of those entities.

10. I understand that I am permitted to review the materials made available to me pursuant to the Order, and that I am prohibited from keeping a copy, making a photocopy, taking a photo, or otherwise reproducing any portion of the materials made available to me for review under the Order.

Exhibit A

11. I submit myself to the jurisdiction of the United States District Court for the Eastern District of Virginia for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Order.

12. I declare under the penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| [Date] | [Name of Person] | [Signature of Person] |

Witnessed by:

_____

Exhibit A