**EXHIBIT 6**

UNITED STATES DISTRICT COURT
*EASTERN DISTRICT OF VIRGINIA*
Richmond Division

GREGORY THOMAS BERRY, et al.
on behalf of themselves and all others
similarly situated

     Plaintiffs,

v.                                    Case No. 3:11cv754

LEXISNEXIS RISK &
INFORMATION ANALYTICS
GROUP, INC., et al.,

     Defendants.


## DECLARATION OF LEONARD A. BENNETT

I, Leonard A. Bennett, declare:

1.     My name is Leonard A. Bennett. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2.     I am one of the attorneys working on behalf of the Plaintiffs in the above styled litigation, and I am an attorney and a principal of Consumer Litigation Associates, P.C., a seven-attorney law firm with offices in Hampton Roads, and Fairfax, Virginia. My primary office is at 763 J. Clyde Morris Blvd, Suite 1A, Newport News, Virginia 23601.

3.     Since 1994, I have been and presently am a member in good standing of the Bar of the highest court of the State of Virginia, where I regularly practice law. Since 1995, I have been and presently am a member in good standing of the Bar of the highest court of the State of North Carolina. I have also been admitted to practice before and am presently admitted to the

following federal courts:

| Court: | Date Admitted: |
| --- | --- |
| United States Supreme Court | 2005 |
| United States Court of Appeals for the | |
| Fourth Circuit | 2002 |
| Third Circuit | 2007 |
| Ninth Circuit | 2009 |
| Sixth Circuit | 2011 |
| Eleventh Circuit | 2011 |
| United States District Court for the | |
| Eastern District of Virginia | 1994 |
| Western District of Virginia | 2004 |
| Eastern District of North Carolina | 2005 |
| Middle District of North Carolina | 2007 |
| Western District of North Carolina | 2007 |
| District of Wisconsin | 2006 |
| Eastern District of Michigan | 2003 |
| Northern District of Illinois | 2003 |
| Northern District of Ohio | 2011 |
| Western District of Tennessee | 2012 |

I have been admitted *pro hac vice* in United States District Courts across the country including Alabama, California, Louisiana, Florida, Rhode Island, Hawaii, New Hampshire, Connecticut, Ohio, South Carolina, Pennsylvania, Arizona, Massachusetts, Tennessee, Georgia, Wyoming, Texas, Louisiana, Washington and Maryland.  I have never been denied admission *pro hac vice.*

5.     Since 1996, my practice has been limited to consumer protection litigation.  While my experience representing consumers has come within several areas, my most developed area of expertise is in plaintiffs litigation under the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq., and in particular the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

6.     I am on the Board of Directors of the National Association of Consumer Advocates, on the Partners Council of the National Consumer Law Center and a member of the

Public Justice Foundation.  I was selected to the Law Dragon Top 500 Plaintiffs Attorneys in the Nation.  In 2010 I was selected to the Law Dragon Top 3,000 Attorneys in the Nation (all attorneys, not simply Plaintiff's).  In 2009 I was selected as a Virginia Leaders in the Law through the Virginia Lawyers Weekly based on my "[n]ationally recognized expertise in consumer protection law."  I am a current and multiple year Virginia Super Lawyer.

7.      I have been invited to and did testify before the United States House Financial Services Committee on multiple occasions.  I have also been invited to and did serve on a Federal Trade Commission Round Table and Governor Kaine's Virginia *Protecting Consumer Privacy* Working Group, all in this field.

8.      Since 2001, I have been asked to and did speak at numerous seminars and events in the area of Consumer Credit Protection litigation.  These included the following:

**2013**

National Consumer Law Center, Fair Debt Collection Practices Act Conference, *Fair Credit Reporting Act Claims Against Debt Buyers*, March 2013

**2012**

National Association of Consumer Advocates, Webinar CLE:   *FCRA Dispute Process*, December 2012

Rossdale CLE, *Fair Credit Reporting Act*, August 2012

**2011**

Virginia Trial Lawyers Association, *Advocacy Seminar*, October 2011, Multiple locations;

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*, Memphis, TN, May 2011, Speaker
        *Multiple Panels;*

Stafford Publications CLE, National Webinar, April 2011
        *"FCRA and FACTA Class Actions: Leveraging New Developments in Certification, Damages and Preemption."*

**2010**

National Consumer Law Center, National Consumer Rights Conference, Boston, Speaker for Multiple Sessions, November 2010;

**2009**

Virginia State Bar, Telephone and Webinar Course, Virginia, 2009
*"What's Going On Here?  Surging Consumer Litigation – Including Class Actions –
in State and Federal Court.";*

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*,
Chicago, IL, May 2009,
*Multiple Panels;*

National Consumer Law Center, National Consumer Rights Conference, Philadelphia, Speaker
for Multiple Sessions, November 2009;

**2008**

National Consumer Law Center, National Consumer Rights Conference, Portland, OR, Speaker
for Multiple Sessions, November 2008;

Washington State Bar, Consumer Law CLE, Speaker, September 2008

**2007**

Washington State Bar, Consumer Law CLE, Speaker, July 2007

House Financial Services Committee, June 2007

National Consumer Law Center, National Consumer Rights Conference, Washington, D.C.,
Speaker for Multiple Sessions, November 2007

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference*,
Denver, Colorado, May 2007,
*Multiple Panels;*

U.S. Army JAG School, Charlottesville, Virginia, Consumer Law Course Instructor, May 2007

Georgia State Bar, Consumer Law CLE, Speaker, March 2007

**2006**

Contributing Author, *Fair Credit Reporting Act, Sixth Edition*, National Consumer Law Center,
2006.

National Consumer Law Center, National Consumer Rights Conference, Miami, FL, Speaker for
Multiple Sessions, November 2006

Texas State Bar, Consumer Law CLE, Speaker, October 2006
*Federal Claims in Auto fraud Litigation*

Santa Clara University Law School, Course, March 2006
    *Fair Credit Reporting Act.*

Widener University Law School, Course, March 2006
    *Fair Credit Reporting Act.*

United States Navy, Navy Legal Services, Norfolk, Virginia, April 2006
    *Auto Fraud;*

**2005**
Missouri State Bar CLE, Oklahoma City, Oklahoma,
    *Identity Theft;*

National Consumer Law Center, National Consumer Rights Conference, Boston, Mass.
    *Multiple panels.*

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference,*
New Orleans, Louisiana (May 2005),
    *Multiple Panels;*

United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island,
    *Consumer Law.*

**2004**
American Bar Association, Telephone Seminar;
    *Changing Faces of Consumer Law;*

National Consumer Law Center, National Consumer Rights Conference, Boston, Mass.
    *Fair Credit Reporting Act Experts Panel;* and
    *ABCs of the Fair Credit Reporting Act.*

National Association of Consumer Advocates, *Fair Credit Reporting Act National Conference,*
Chicago, Illinois;
    *Multiple Panels*

Oklahoma State Bar CLE, Oklahoma City, Oklahoma,
    *Identity Theft;*

Virginia State Bar, Telephone Seminar,
    *Identity Theft;*

United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island,
    *Consumer Law*

United States Navy, Navy Legal Services, Norfolk, Virginia,

*Auto Fraud;*

Virginia State Bar, Richmond and Fairfax, Virginia,
    *Consumer Protection Law;*

Michigan State Bar, Consumer Law Section, Ann Arbor, Michigan;
    *Keynote Speaker.*

9.     I have substantial experience in complex litigation, including class action cases, prosecuted under the Consumer Credit Protection Statutes, including the Fair Credit Reporting Act, the Equal Credit Opportunity Act, and the Fair Debt Collection Practices Act.

10.     In each of the class cases where I have represented Plaintiffs in a consumer protection case, including employment related cases such as the instant case, the Court found me to be adequate class counsel and in each I was lead or executive committee counsel.

11.     I have litigated an extensive docket nationally.  I am familiar with the number and identity of attorneys in other parts of the country who practice in this field.  There are a very limited number of such practioners and fewer still willing to litigate within this field.  I estimate that there are less than ten private attorneys nationally who have significant experience litigating the provisions of the Fair Credit Reporting Act, and less than a handful in the "employment purpose" FCRA field at issue in this case.   Over the last several years, I have been the lead invited speaker at the primary consumer law conferences to instruct on the Fair Credit Reporting Act regarding issues in employment law.

12.     In this case, my firm and I associated co-counseled with attorneys who have similar experience, expertise and commitment both in the area of consumer protection law and class action litigation.  I know each attorney and each law firm to be of the highest degree of capability and ethics.  In particular, I know first hand that Michael Caddell and Jim Francis and each of the respective attorneys in their law firms have substantial experience in this very

specialized field of FCRA class action litigation. I estimate that the strong majority of all of the top dozen FCRA class action outcomes have been obtained by our three firms.

13.     Plaintiffs commenced this action in 2011 with an expert knowledge of the violations by LexisNexis and its Accurint product. In fact, this is the third putative class action that Plaintiffs' counsel have filed contending that Accurint® reports should be treated as "consumer reports" under the FCRA. The two prior lawsuits are *Adams, et al. v. LexisNexis Risk & Information Analytics Group, Inc., et al.*, Case No. 08-4708 (D. N.J.) and *Graham, et al. v. LexisNexis Risk & Information Analytics Group, Inc., et al.*, C.A. 3:09-00655 (E.D. Va.). Although *Adams* and *Graham* involved issues similar to the issues raised in this action, neither *Adams* nor *Graham* conclusively decided as a matter of law any of the significant issues between the Parties in this action. Plaintiffs' counsel conducted discovery – informal and/or formal in all three cases. They have deposed witnesses, served and responded to written discovery and reviewed substantial information and documents in litigation of the case. Plaintiffs filed a detailed complaint with numerous class representatives who demonstrated that all of the elements of Rule 23 were met.

14.     This case has been continuously litigated literally since the *Adams* case was filed in 2008, spanning three federal case dockets, Plaintiffs' counsel and Defendants and/or their counsel have met in person for the sole purpose of mediation at least nine times. The first such mediation attempt took place in 2009, when the Defendant's General Counsel and chief litigation deputy travelled to Newport News for an in person discussion and PowerPoint presentation of the arguments that were thereafter litigated in *Adams*, *Graham* and *Berry*.

15.     Thereafter, additional meetings were held in Philadelphia (between counsel) and New York (between counsel and Defendants' executive team). Each of these meetings was

limited to the subject of injunctive relief.  Counsel did not discuss a monetary settlement.
Plaintiffs' counsel instead provided a detailed written analysis of the changes they believed
necessary to settle this set of claims.  The matter did not then resolve and Plaintiffs filed the
present action.

      16.     After an initial telephonic conference with Judge Lauck and at least one other in
person settlement meeting (in Houston), the Parties agreed to retain mediator Randall Wulff of
Wulff, Quinby & Sochynsky in Oakland, California.  The Parties selected Mr. Wulff as mediator
because of his expertise and deep experience with complex business litigation, including FCRA
cases. Mr. Wulff conducted a full-day mediation in Oakland, California on May 10, 2012.  Both
sides set out their positions in substantive presentations to Mr. Wulff and, though no settlement
was reached, the Parties reserved three additional mediation dates.  The Parties also retained
Judge Dohnal to assist in the mediation attempt.

      17.     Again conferring by telephone many times in the interim, the Parties began to
fashion the parameters of a settlement on behalf of consumers who were and likely will be the
subjects of Accurint® reports sold to debt collectors.  In a July 18 letter, LexisNexis proposed a
settlement that would modify the existing Accurint® for Collections and thus change the way
LexisNexis does business with debt collectors going forward, in part by providing certain rights
and information to consumers like those only available with respect to "consumer reports."
Using this proposed business change as a beginning point, the Parties participated in mediation
sessions with Mr. Wulff in Oakland on July 30, and August 21 and August 22.  At this final
session, again after substantive presentations and with the exchange of documents further
outlining LexisNexis' positions should the litigation have continued, the Parties agreed to the
general outlines of the settlement they present here for the Court's consideration.  In addition, the

Parties have again met twice—in Houston on September 18 and in Fort Lauderdale on October 5—to further define the proposed settlement and discuss the changes necessary for LexisNexis to implement the injunctive-relief aspect.  During this process, the Parties continued to litigate and conduct discovery.  They did not cease such two-tract work until the late August mediations neared an agreement.

     18.     During this effort with the private mediators, the settlement process was also directly supervised by Judge Lauck, who conducted multiple telephonic conferences to determine status and keep the case on track.  After the final Oakland mediation, the Parties reported in detail to Judge Lauck, who then set up a process for the presentation and vetting of the settlement before the Magistrate Judge.  The Parties provided Judge Lauck a substantial record of the litigation, the claims and the settlement process to date.  That record filled multiple binders.  Judge Lauck's supervision culminated in a January 14, 2013 settlement conference in which the Parties made a detailed, long and formal presentation of the settlement.  At the end of the formal presentation, Judge Lauck concluded,

> I feel as if I've heard and read about you and talked to you enough times that it's actually good to put faces to the names, and I appreciate your taking the opportunity to come here because I like it better.  I think it's a more interesting process, and I can tell you personally that I think you all have worked something out that is very difficult.  I do think it is a sea change and a good one and a thoughtfully conducted one.  On behalf of the sets of individuals involved, this does strike me both as a set of circumstances where you all have worked hard to see what's fair, to give up something you may not wish to have given up on.  But then also sort of seeing the horizon, the commonsensible approach that's going to have to come at one point or another, and it would not be exactly what everybody wants.  And I think you have worked very hard and its evident in what you are presenting to me[.]

Settlement Conference, January 14, 2013, at 138:5-21.

     I declare under penalty of perjury of the laws of the United States that the foregoing is

correct.

Signed this 15th day of March 2013.

Leonard A. Bennett

LEONARD A. BENNETT
*CONSUMER LITIGATION ASSOCIATES, P.C.*
VSB #37523
763 J. Clyde Morris Blvd. Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com
(757) 930-3660
(757) 930-3662 facsimile