UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY THOMAS BERRY, _et al_.

       Plaintiffs,

v.

LEXISNEXIS RISK & INFORMATION
ANALYTICS GROUP, INC., _et al_.

       Defendants.

Civil Action No. 3:11-cv-754

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT AND ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT, CERTIFYING CONDITIONAL SETTLEMENT CLASSES,
APPOINTING CLASS COUNSEL, APPROVING AND DIRECTING NOTICE PLANS,
APPOINTING SETTLEMENT ADMINISTRATORS, AND SCHEDULING
FINAL FAIRNESS HEARING**

WHEREAS, the Court has been advised that the Parties to this action, Plaintiffs Gregory

Thomas Berry, Summer Darbonne, Rickey Millen, Shamoon Saeed, Arthur B. Hernandez, Erika

A. Godfrey, and Timothy Otten, on behalf of themselves and all others similarly situated

(hereinafter referred to as "Plaintiffs"), and LexisNexis Risk Solutions FL Inc., LexisNexis Risk

Data Management Inc., and Reed Elsevier Inc. ("Defendants") (Collectively, the "Parties"),

through their respective counsel, have agreed, subject to Court approval following notice to the

Settlement Class Members and a hearing, to settle the above-captioned lawsuit upon the terms

and conditions set forth in the Settlement Agreement and Release (hereinafter referred to as the

"Agreement"), which has been filed with the Court, and the Court deeming that the definitions

set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as

1

set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on October 3, 2013, after notice to the proposed Settlement Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this lawsuit:

IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the lawsuit and over all settling Parties hereto.

2.      **RULE 23(b)(2) SETTLEMENT CLASS** – Pursuant to Fed. R. Civ. P. 23(b)(2), the lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (herein referred to as the "Rule 23(b)(2) Settlement Class Members") with respect to the claims asserted in the lawsuit:

> All persons residing in the United States of America (including its territories and Puerto Rico) about whom information exists in the Accurint® database from November 14, 2006 to April 19, 2013, the date on which the Court entered its Preliminary Approval Order. Counsel of record (and their respective law firms) for any of the Parties, along with the presiding judge in this action and his staff, and all members of their immediate families, are excluded from this class definition.

3.      **PRELIMINARY CLASS CERTIFICATION OF RULE 23(b)(2) SETTLEMENT CLASS** – The Court preliminarily finds that the Lawsuit and Rule 23(b)(2) Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

A.      The Rule 23(b)(2) Settlement Class Members are so numerous that joinder of all

2

of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the Rule 23(b)(2) Settlement Class Members, which predominate over any individual questions;

C.    The claims of the class representatives are typical of the claims of the Rule 23(b)(2) Settlement Class Members;

D.    The class representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Rule 23(b)(2) Settlement Class Members; and

E.    The Court finds that as to this Rule 23(b)(2) Settlement Class, Defendants have acted on grounds generally applicable to the class as a whole. The defendants maintained the Accurint® database, which contained information regarding class members, and made that information available to debt collectors. While Defendants maintain that they have always acted in compliance with the law, the fact that the Settlement modifies Defendants' conduct as to the Impermissible Use class as a whole makes it appropriate for certification under Rule 23(b)(2). The court further finds that the Fair Credit Reporting Act willfulness remedies, 15 U.S.C. § 1681n, released by the settlement are incidental to the injunctive relief. Any claims that class members may have for actual damages are preserved by the settlement and thus do not preclude certification under Rule 23(b)(2). Consequently, the court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(2) are satisfied.

4.    If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(2) Settlement Class shall be

3

decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the settlement agreement and all associated proceedings had not been negotiated, made, or filed with the Court.

5.     **RULE 23(b)(3) SETTLEMENT CLASS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (herein referred to as the "Rule 23(b)(3) Settlement Class Members") with respect to the claims asserted in the lawsuit:

> All persons residing in the United States of America (including its territories and Puerto Rico) who, from October 1, 2006 to April 19, 2013, requested a copy of an Accurint® report about themselves or initiated or submitted a dispute or other inquiry regarding any Accurint® report to any of the Defendants or any of their predecessors or affiliates. Counsel of record (and their respective law firms) for any of the Parties, along with the presiding judge in this action and his staff, and all members of their immediate families, are excluded from this class definition.

6.     There are approximately 31,000 Rule 23(b)(3) Settlement Class Members.

7.     **PRELIMINARY   CLASS   CERTIFICATION   OF   RULE   23(b)(3) SETTLEMENT CLASS** – The Court preliminarily finds that the Lawsuit and Rule 23(b)(3) Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

A.     The Rule 23(b)(3) Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.     There are questions of law and fact common to the Rule 23(b)(3) Settlement Class Members, which predominate over any individual questions;

4

C.     The claims of the class representatives are typical of the claims of the Rule 23(b)(3) Settlement Class Members;

D.     The class representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Rule 23(b)(3) Settlement Class Members; and

E.     The Court finds that as to this Rule 23(b)(3) Settlement Class, Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.   Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

8.     If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(3) Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the settlement agreement and all associated proceedings had not been negotiated, made, or filed with the Court.

9.     **CLASS REPRESENTATIVE APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs Gregory Thomas Berry, Summer Darbonne, Rickey Millen, Shamoon Saeed, Arthur B. Hernandez, Erika A. Godfrey, and Timothy Otten as the class representatives for the Rule 23(b)(2) Settlement Class and the Rule 23(b)(3) Settlement Class.   The Court finds that the Named Plaintiffs have no interests that are adverse or

5

antagonistic to the interests of the Rule 23(b)(2) Settlement Class or the Rule 23(b)(2) Settlement Class. Both the Named Plaintiffs and the Rule 23(b)(3) Settlement Class Members share the common interest of obtaining certain rights and benefits concomitant with Defendants' treatment of Accurint® products and services as "consumer reports" within the meaning of the FCRA. Each Rule 23(b)(3) Settlement Class Member will benefit from the monetary relief fund, from which payments of attorneys' fees and costs will also be covered. The proposed settlement also preserves the right of Rule 23(b)(3) Settlement Class Members to opt out of the monetary relief settlement and preserves the right of all Rule 23(b)(2) Settlement Class Members to bring individual suits for actual damages if they wish.

10. **CLASS COUNSEL APPOINTMENT** - Having considered the work Named Plaintiffs' counsel have done in identifying and investigating potential claims in this action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are designated class counsel under Rule 23(g)(l): Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C., James A. Francis, David A. Searles, John Soumilas, and Erin A. Novak, of Francis & Mailman PC, Michael A. Caddell, Cynthia B. Chapman, and Craig C. Marchiando, of Caddell & Chapman, and Dale W. Pittman, of The Law Office of Dale W. Pittman, P.C..

11. **THIRD-PARTY CLASS ACTION ADMINISTRATOR** – The parties have proposed Kinsella and Rust Consulting as the Settlement Administrators for the Rule 23(b)(2) and Rule 23(b)(3) Settlement Classes, respectively. The Court has reviewed the materials about these organizations and concludes that they have extensive and specialized experience and expertise in class-action settlements and notice programs. The Court hereby appoints Kinsella

and Rust Consulting as the Settlement Administrators, to assist and provide professional guidance in the implementation of the notice plans and other aspects of the settlement administration. Kinsella and Rust Consulting shall also be responsible for maintaining any records of, and keeping the Court and the parties apprised of, any objections or written statements filed by settlement class members or government officials.

12.   **CLASS NOTICE** – The Court approves the form and substance of the Notice Plan proposed in the Settlement Agreement and the notices of class action settlement, attached as Exhibits 3-6 to the Declaration of Shannon Wheatman. The proposed forms and methods for notifying the proposed Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notices concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the classes certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on class members. Such notice of a Rule 23(b)(2) class settlement and Rule 23(b)(3) class settlement is designed to reach a significant number of class members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the notice plans developed by the parties and directs that they be implemented according to the Settlement Agreement and the

7

notice plans attached as exhibits to the Declaration of Shannon Wheatman.[1]  The Court finds that the notice plan constitutes reasonable notice under Rule 23(e)(1) and satisfies due process.

The cost of the notice plan shall be paid by the Defendants according to the terms of the Settlement Agreement.

13.  **EXCLUSIONS FROM RULE 23(b)(3) SETTLEMENT CLASS AND OBJECTIONS TO THE RULE 23(B)(3) SETTLEMENT** – As soon as practicable but no later than July 16, 2013, the Settlement Administrator will send the Mail Notice via U.S. mail, postage prepaid requesting either forwarding service or change service to each Rule 23(b)(3) Settlement Class Member identified on the Class List.  Within ten days of such mailing, Defendants shall file a notice with the Court stating the date upon which the Settlement Administrator sent the Mail Notice.

a.  Any proposed Rule 23(b)(3) Settlement Class Member who desires to be excluded from the Rule 23(b)(3) Settlement Class must send a written request for exclusion to the Settlement Administrator at LexisNexis Settlement Exclusions, PO Box 2983, Fairbault, MN 55021-2983, with a postmark date no later than 30 days from the date of mailing of the Rule 23(b)(3) Mail Notice.  To be effective, the written request for exclusion must contain:

- The name of the case: *Gregory Thomas Berry, et al. v. LexisNexis Risk & Information Analytics Group, Inc., et al.*, No. 3:11CV754 (E.D. Va.);

- The class member's name, address, and telephone number;

- A specific statement that the class member wants to be excluded from the settlement; and

- The class member's original signature.

Any proposed Rule 23(b)(3) Settlement Class Member who submits a valid and timely

---

[1]  Non-substantive changes may be made to the Long-Form and Summary Notices by agreement of Named Plaintiffs and Defendants without further order of this Court.

request for exclusion shall not be bound by the terms of the Rule 23(b)(3) Settlement and Release.

b.      Any Rule 23(b)(3) Settlement Class Member who does not opt out, or a representative of a government entity, who wishes to object to the Rule 23(b)(3) Settlement or any other matters as described in the Notices may do so by mailing a copy of their objection to the Settlement Administrator at LexisNexis Settlement Objections, PO Box 2983, Faribault, MN 55021-2983. All properly submitted objections shall be considered by the Court.

c.      Any objection must be mailed and postmarked by no later than 30 days from the date of mailing of the Rule 23(b)(3) Mail Notice, and must include all of the following:

- The name of the case, *Berry, et al. v. LexisNexis Risk & Information Analytics Group, Inc.*, et al., No. 3:11CV754 (E.D. Va.);
- The objector's name, address, and telephone number;
- A statement of the objection and a summary of the reasons for the objection;
- Copies of any documents upon which the objection is based; and
- A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.

d.      Any member of the Rule 23(b)(3) Settlement Class who wishes to appear at the final approval hearing, either in person or through counsel, in addition to providing the above information shall also:

- Identify the points the objector wishes to speak about at the hearing;
- Enclose copies of any documents on which the objector intends to rely at the hearing;
- State the amount of time the objector requests for speaking at the hearing; and
- State whether the objector intends to have a lawyer speak on his or her behalf

9

e.      Any lawyer who intends to appear or speak at the final approval hearing on behalf of a member of the Rule 23(b)(3) Settlement Class must enter a written notice of appearance of counsel with the Clerk of the Court no later than August 30, 2013.

f.      Any objector to the Rule 23(b)(3) Settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any service awards to the Named Plaintiffs.

g.      Rule 23(b)(3) Settlement Class members who file exclusions may not object to the settlement.

14.     **OBJECTIONS TO THE RULE 23(B)(2) SETTLEMENT** – Any Rule 23(b)(2) Settlement Class Member, or a representative of a government entity, who wishes to object to the Settlement or any other matters as described in the Notices may do so by mailing a copy of the objection to the Settlement Administrator at LexisNexis Settlement Objections, PO Box 2983, Faribault, MN 55021-2983. All properly submitted objections shall be considered by the Court.

a.      The objection must be mailed and postmarked by August 30, 2013, and must include all of the following:

- The name of the case, *Berry, et al. v. LexisNexis Risk & Information Analytics Group, Inc.*, et al., No. 3:11CV754 (E.D. Va.);

- The objector's name, address, and telephone number;

- A statement of the objection and a summary of the reasons for the objection;

- Copies of any documents upon which the objection is based; and

10

- A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.

b.      Any member of the Rule 23(b)(2) Settlement Class who wishes to appear at the final approval hearing, either in person or through counsel, in addition to providing the above information shall also:

- Identify the points the objector wishes to speak about at the hearing;
- Enclose copies of any documents on which the objector intends to rely at the hearing;
- State the amount of time the objector requests for speaking at the hearing; and
- State whether the objector intends to have a lawyer speak on his or her behalf

c.      Any lawyer who intends to appear or speak at the final approval hearing on behalf of a member of the Rule 23(b)(2) Settlement Class must enter a written notice of appearance of counsel with the Clerk of the Court no later than August 30, 2013.

d.      Any objector to the Rule 23(b)(2) Settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any service awards to the Named Plaintiffs.

15.     **PRELIMINARY APPROVAL OF SETTLEMENT** – Under Rule 23(e)(l) the Court will approve a class-action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary-approval step, the Court is required to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *See* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004). A proposed settlement should be preliminarily approved if it "is 'within the range of possible approval' or, in

11

other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (quoting *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)). Following notice to the class and after hearing from any potential objectors, the Court will make a final decision whether to approve the proposed settlement. *See* Annotated Manual for Complex Litigation §§ 21.633-35. Although the Court will not make a final decision regarding approval of the Settlement Agreement until later at the final approval hearing, the Court is well aware that its preliminary approval of the proposed settlement here will result in notice of the settlement being provided to the settlement class members at an estimated cost of approximately $1 million.

The Court preliminarily finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

16.    **FINAL APPROVAL** – The Court shall conduct a hearing (hereinafter referred to as the "Final Fairness Hearing") on October 3, 2013, at 701 East Broad Street, Richmond, VA 23219, commencing at 10 A.M., to review and rule upon the following issues:

A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by

12

the Court;

C.     Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.     To discuss and review other issues as the Court deems appropriate.

17.     Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

18.     Applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as application for a class representative service award, shall be filed with the Court *no later than September 20, 2013*. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court *no later than September 20, 2013*. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date *on or before September 25, 2013*.

19.     The Court may (i) approve the settlement agreement, with such modifications as may be agreed to by the Parties, without further notice; and (ii) adjourn the final approval hearing from time to time, by oral announcement at the hearing without further notice. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or in connection with the proposed settlement.

13

20.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Joint Motion for Preliminary Approval of Proposed Settlement (Dkt. No. 60) is GRANTED, consistent with this Order.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this 26 day of April 2013.

14