**EXHIBIT D**

| Issue | Watts Guerra Misstatement or Omission |
|---|---|
| **Fails to fairly describe the injunctive relief provided for in the Proposed Settlement, objectively or otherwise.** | The Website and Videos omit any reference to the substantial benefits the injunctive relief will provide the Rule 23(b)(2) class, and in fact fails to describe the injunctive relief at all. (Ex. B to the Memorandum; Ex. C to the Memorandum). |
| | The Website implies that there are no benefits to the Class as a result of the Rule 23(b)(2) settlement: "If I am a member of the Rule 23(b)(2) Class will I receive any money under the class action settlement?  No, there will be no payments to members of this class as a result of the settlement agreement."  There is no reference to Injunctive Relief, pursuant to which many reports sold to debt collectors will henceforth be treated as "consumer reports" with all of the FCRA protections that flow therefrom. (Ex. B to the Memorandum, p. 1). |
| | Video Two is even more outrageous.  It exhorts viewers to retain the Watts Guerra firm in connection with the pending litigation, but *fails to even mention* that there is a Proposed Settlement, let along the substantial benefits that Proposed Settlement provides to all Class Members.  (Ex. C to the Memorandum, Transcription of Video Two.) |
| | The Website does not even include a link to the Court-Approved Website.  A Website sub-page, titled "The Berry Settlement" is a link to a biased and incomplete description of the settlement. |
| | The Website contains no textual mention of any of the protections or rights afforded to the Rule 23(b)(2) class under the Berry Settlement Agreement, (nor does any other part of the Marketing Campaign), but it instead provides cursory, slanted, and misleading information on the Settlement Agreement and the FCRA.  (Ex. B to the Memorandum, pp. 1-4). |
| **Falsely suggests that absent class members can sign up for some sort of "Claims** | The television commercial prominently exhorts absent class members to "Call to File Your Claim Now!" *See* http://www.ispot.tv/ad/72IV/watts-guerra-consumer-report.  The Website itself is titled "www.*bringaclaim.com*."  In fact, there is no claims process provided for in the Proposed Settlement, nor would there be if the Proposed |

| Issue | Watts Guerra Misstatement or Omission |
|---|---|
| Process" by objecting to the Proposed Settlement and retaining the Watts Guerra firm. | Settlement is rejected and the contested litigation continues. |
| Falsely claims that objecting is risk-free. The Marketing Campaign nowhere discloses the substantial litigation risks that would exist in the absence of the Proposed Settlement. | The Website flatly asserts that, "We don't get paid until you get paid and we will advance all costs and expenses out of our pocket, not yours. **You risk nothing by being a part of this action**." (Ex. B to the Memorandum, p. 1). In fact, absent class members would face substantial risks of *getting nothing* in the absence of the Proposed Settlement. As stated in the motion for preliminary approval: "Defendants have disputed Plaintiffs' claims since the inception of this case. Because the Class claims are dependent upon recovery of statutory and punitive damages, any recovery for the Class must be predicated on a finding that Defendants willfully violated the FCRA. See 15 U.S.C. § 1681n(a). Although a reckless violation of the FCRA satisfies the willfulness prerequisite for statutory and punitive damages, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), Class members here are still faced with the burden of proving Defendants' conduct was indeed reckless. The final resolution of that issue, regardless of which party prevails at the trial level, would require several more years of protracted adversarial litigation and appeals at substantial risk and expense. In addition, if Plaintiffs chose to litigate their claims, they would be faced with the more difficult task of certifying their alleged classes for trial purposes. If the classes prove unmanageable for trial purposes, this case may end up as did *Adams* and *Graham*, with claims dismissed without the class-wide resolution Plaintiffs seek and to which the Parties have agreed here. The reality that LexisNexis has already prevailed against similar class-wide claims in *Adams* and *Graham* shows the significant risks that Plaintiffs face in continuing to litigate. These factors support the adequacy of the settlement. *See Temp. Servs.*, 2012 WL 4061537, at *12 (finding that risks associated with continued litigation supported adequacy of settlement amount)." The Marketing Campaign makes no mention of these risks, and the fact that absent class members are likely to |

2

| Issue | Watts Guerra Misstatement or Omission |
|---|---|
| | *receive nothing* in the absence of the Proposed Settlement. |
| **Promises Viewers "A Check In The Mail" Without Adequate Disclaimers.** | In Video One, Attorney Thompson states "Ultimately if we're able to successfully object on your behalf and then bring a claim against LexisNexis and prove violations of the Fair Credit Reporting Act, we'll send you a check in the mail." Ex. C to the Memorandum. The statement is unaccompanied by any cautionary language regarding future results not being guaranteed. |
| **Does not disclose the existence of court-approved Class Counsel, or provide absent class members with contact information for Class Counsel.** | The Marketing Campaign does not disclose that the Court appointed Class Counsel to represent the interests of absent class members, and nowhere provides absent class members with information as to how to contact the Court-approved Class Counsel. |
| **The Watts Guerra Website makes it difficult to find the Court-Approved Notice materials—apparently intentionally so.** | The Watts Guerra Website provides large buttons to click stating "You may be entitled to cash compensation. Don't give up your privacy claims against LexisNexis." Also states, "Click here for Help with Your Claim" in large font. It then provides a link imbedded in text stating "Click here to get started." Finally, at the very end, it states "For additional information on the class settlement in Virginia federal court that threatens to release your privacy claims, if any, against LexisNexis, click here." The final link takes the viewer to another page of the same site purporting to explain the FCRA in several short, one-line paragraphs. (Ex. B to the Memorandum, p. 1). None of these links take the viewer to official court-approved webpages. The Website nowhere clearly discloses that it is *not* the Court-Approved Website. *Id.*<br><br>In fact, of course, the place to start for absent class members seeking to get more information about the Proposed |

3

| Issue | Watts Guerra Misstatement or Omission |
|---|---|
| | Settlement is the Court-Approved Notice program. The long-form notice is a court-approved explanation for the layperson of the Rule 23(b)(2) class of the settlement terms, benefits, risks, and rights to object. (Ex. A). |
| | The Class Website, by contrast, makes it easy to find all Court-related documents so that absent class members can make up their own minds. (*See* www.collectionreportlawsuit.com). The Class Website clearly discloses its provenance as the Court-Approved website: "Welcome to the Settlement Website - LexisNexis Collection Report Class" (*Id.*). |
| | "A federal court authorized this notice. This is not a solicitation from a lawyer." (Ex. A to the Memorandum, p. 1). |
| **Falsely describes the release as being broader than it really is, in order to convince absent class members to object and try to bring a separate claim.** | The Marketing Materials fail to disclose that individual damages claims are not released by the Rule 23(b)(2) class; in fact, the opposite is implied: |
| | "If I do nothing will my rights be affected? Must I act? Your legal rights are affected by the proposed Settlement even if you do nothing. **If the proposed Settlement is finally approved by the Court, then you will be giving up the right to file a lawsuit against any of the Defendants or their related companies for certain money damages relating to any violation of the FCRA or any similar state law about the claims covered by this Settlement.** This is called 'releasing' your claims. This means you cannot seek, or continue to seek, limited statutory remedies based on any of the Defendants' alleged violation of the FCRA, including: 1) using your information without your permission, 2) responding inadequately to your request for a copy of an Accurint® report about you, or 3) inadequately responding to a dispute you initiated or submitted to one of the Defendants regarding Accurint®. You will be giving up all such claims, whether or not you know about them." (Ex. B to the Memorandum, p. 1). |
| | The Court Approved materials clearly indicate that the Proposed Settlement does not involve any release of actual damages claims: |
| | "Named Plaintiffs and the Rule 23(b)(2) Settlement Class do not release and discharge, but instead preserve, the right of a Rule 23(b)(2) Settlement Class Member to file an individual lawsuit under 15 U.S.C. § 1681o or FCRA |

4

| Issue | Watts Guerra Misstatement or Omission |
|---|---|
| | State Equivalents for actual damages sustained before the Effective Date, subject to the waiver of the class action procedural device described in Section 4.5.2." (*See* Settlement Agreement and Release entered by the Court on March 15, 2013 found at *http://www.collectionreportlawsuit.com/Portals/0/Documents/Settlement%20Agreement%20and%20Release%203-19-13.pdf*, p. 34). <br><br> "However, you will still have the right to file an individual lawsuit against any of the Defendants for actual money damages that you claim resulted from any of the Defendants using your information without your permission. Defendants will have the right to deny they are liable for damages." (Ex. A to the Memorandum, p. 6). |
| **Falsely obscures the distinction between the proposed Rule 23(b)(2) Class and the Rule 23(b)(3) Class.** | The Marketing Campaign obscures the distinction between the Rule 23(b)(3) class and 23(b)(2) class by purporting to seek members of the Rule 23(b)(2) class as clients (Ex. B to the Memorandum, p. 1; *compare* Ex. F, pp. 1-5), but suggesting a cash payment is possible if the person hires Watts Guerra and successfully objects: "If I am a member of the Rule 23(b)(2) Class will I receive any money under the class action settlement? No, there will be no payments to members of this class as a result of the settlement agreement." (Ex. B to the Memorandum, p. 1). Additionally, states that Watts Guerra may settle the Rule 23(b)(2) client's claim for $483 or $883, suggesting cash payment would be available if the Settlement Agreement fails. (Ex. F, p. 3). <br><br> Does not mention that the Rule 23(b)(2) relief relates to future conduct. <br><br> Instead, Watts Guerra erroneously tells the class that the Rule 23(b)(2) Class will release claims unique to the Rule 23(b)(3) Class: <br><br> "This is called 'releasing' your claims. This means you cannot seek, or continue to seek, limited statutory remedies based on any of the Defendants' alleged violation of the FCRA, including: 1) using your information without your permission, 2) **responding inadequately to your request for a copy of an Accurint® report about you, or 3) inadequately responding to a dispute you initiated or submitted to one of the Defendants regarding Accurint®.** You will be giving up all such claims, whether or not you know about them." (Ex. B to the Memorandum, p. 1). |

| Issue | Watts Guerra Misstatement or Omission |
|---|---|
| | The Watts Guerra clients include members of the Rule 23(b)(3) class, and the advertisements were broadcast and available to all members of the Rule 23(b)(3) class.<br><br>In fact, the Classes are distinct. (See Ex. A to the Memorandum). *See also* Order Granting Motion for Preliminary Approval of Proposed Settlement and Order Preliminarily Approving Class Action Settlement, Certifying Conditional Settlement Classes, Appointing Class Counsel, Approving and Directing Notice Plans, Appointing Settlement Administrators, and Scheduling Final Fairness Hearing entered by the Court on April 29, 2013 found at http://www.collectionreportlawsuit.com/Portals/0/Documents/Order%20Granting%20Preliminary%20Approval.pdf (providing separate class notice and describing each class); *accord* Settlement Agreement and Release.<br><br>Rule 23(b)(2) class receives future benefit (Ex. A to the Memorandum, p. 5) (stating future benefits; "All Class Members will receive the benefit from these changes in business practices."), while Rule 23(b)(3) receives compensation (*See* Class Website for Rule 23(b)(3) Class found at http://www.filedisputereportclass.com/) (describing monetary payment).<br><br>The Settlement Agreement and Release clearly delineates different classes.<br><br>The Court preliminarily certified the Rule 23(b)(3) Class defined as:<br><br>All persons residing in the United States of America (including its territories and Puerto Rico) who, from October 1, 2006 through the date when the Court enters its Preliminary Approval Order, requested a copy of an Accurint Report containing information about themselves or initiated or submitted a dispute or other inquiry regarding an Accurint Report to any of the Defendants or any of their predecessors or affiliates. Excluded from the Rule 23(b)(3) Settlement Class are counsel of record (and their respective law firms) for any of the Parties; and the presiding judge in the action and his staff, and all members of their immediate family. (*See* Preliminary Approval Order, p. 4). |
| Seeks to impose on absent class members an outrageous and | The retainer agreement provides for a contingency fee of 45%, to be split evenly between Ryan Thompson and "The Cracken Law Firm, PC." It also provides that counsel will front its clients all other litigation costs, and that counsel will first reimburse counsel for its costs, and subsequently, counsel will receive 45% of the remainder. It |

6

| Issue | Watts Guerra Misstatement or Omission |
|---|---|
| **excessive fee.** | also allows counsel to "allocate" the costs associated with one client to cover the costs of other clients. (Ex. F, pp. 2-3).<br><br>The Marketing Campaign fails to inform Class Members that Defendant has already agreed to pay for the Rule 23(b)(2) classes' representation and costs and that it is not necessary for the Class Member to hire and pay for their own attorney. |
| **Falsely implies that Watts Guerra had a prior relationship with at least some viewers of the Marketing Materials.** | The Marketing Materials falsely imply that Watts Guerra had a prior relationship with the viewer, that Watts Guerra represents the public as a whole, and attempts to create in the viewer a false sense of trust and loyalty with the firm.<br><br>Implies that LexisNexis' acts in this case are similar or related to the acts in the Trans Union litigation and that Watts Guerra will obtain the same results in this case as it did in that (without stating those results).<br><br>"It was our privilege to represent you in the Trans Union litigation. It was a long and hard fight but ultimately we won. Now we're concerned about a Georgia company called LexisNexis." (Ex. C, pp. 1-2). |

770942.1

7