UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GREGORY THOMAS BERRY *et al.*,

                        Plaintiffs,

v.                                              Action No. 3:11-CV-754

LEXISNEXIS RISK & INFORMATION
ANALYTICS GROUP, INC. *et al.*,

                        Defendants.

## **ORDER**

      THIS MATTER is before the Court on a Motion for Reconsideration and Expedited Briefing and Hearing ("Motion") (ECF No. 85) filed by Counsel for Megan Christina Aaron *et al.*, objectors to the proposed settlement agreement in this matter ("Aaron Objectors"), on behalf of Attorney Ryan Thompson and the Watts Guerra law firm. The Aaron Objectors seek reconsideration of the Court's Order of October 23, 2013 ("Order") (ECF No. 84), which granted a Joint Motion to Correct Misrepresentations of the Watts Guerra, L.L.P. Objector Group ("Joint Motion") (ECF No. 82) filed jointly by the plaintiffs and defendants to this litigation (collectively, "Parties"). The Motion has been fully briefed and the Court finds that oral argument is unnecessary because the facts and contentions are adequately presented and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. Civ. R. 7(j).

      "[E]very order short of a final decree is subject to reopening at the discretion of the district judge" pursuant to Federal Rule of Civil Procedure 54(b). *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 & n.14 (1983); *see* Fed. R. Civ. P. 54(b). A district court retains discretionary authority to review and revise, sua sponte or pursuant to motion, all interlocutory orders prior to final judgment. *See High Country Arts & Crafts Guild v. Hartford Fire Ins. Co.*, 126, F.3d 629 (4th Cir. 1997) (citing Fed. R. Civ. Pro. 54(b); *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)).

The Aaron Objectors have represented, and the Parties have not disputed, that changes were made to the website, www.bringaclaim.com, subsequent to August 30, 2013. However, in support of their Joint Motion, the Parties presented the Court with representations of this website as it existed on August 30, 2013. As such, the material reviewed by this Court in granting the Joint Motion was not the material taken down pursuant to the Order. The Order, therefore, will be vacated.

Nonetheless, the Court notes that it has "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties," *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981), that it may "impose conditions on the representative parties or on intervenors," Fed. R. Civ. P. 23(d), and that—consistent with the First Amendment—"false, deceptive, or misleading [attorney advertising] of course is subject to restraint," *Bates v. State Bar of Ariz.*, 433 U.S. 350, 383 (1977) (citation omitted).

For the foregoing reasons, the Court GRANTS the Motion (ECF No. 85) and hereby VACATES its Order of October 23, 2013 (ECF No. 84).

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this   7th   day of November 2013