# EXHIBIT 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| GREGORY THOMAS BERRY, SUMMER DARBONE, RICKEY MILLEN, SHAMOON SAEED, ARTHUR B. HERNANDEZ, ERIKA A. GODFREY, AND TIMOTHY OTTEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC., SEISINT, INC., and REED ELSEVIER INC.<br><br>Defendants. | No. 3:11-cv-00754-JRS-MHL |

## DECLARATION OF SHANNON WHEATMAN, PH.D. ON IMPLEMENTATION AND ADEQUACY OF SETTLEMENT NOTICE PROGRAMS PURSUANT TO 28 U.S.C. § 1746

I, Shannon R. Wheatman, declare:

1.   I am a Senior Vice President of Kinsella Media, LLC ("KM"), an advertising and notification firm in Washington, D.C. specializing in the design and implementation of class action and bankruptcy notification programs. My business address is 2120 L Street, NW, Suite 860, Washington, D.C. 20037. My telephone number is (202) 686-4111.

2.   In the above referenced matter, *Berry v. LexisNexis*, I was asked to design Notices and a Notice Plan to inform class members about their rights in the proposed settlement. In the "Declaration of Shannon Wheatman on Adequacy of Settlement Notice Programs" dated March 15, 2013 and submitted along with my C.V., I detailed my class action notice experience, my expertise in the form and content of class action notice, and my publications on notice and due

process. I also provided my educational and professional experience relating to class action notice programs and my ability to render opinions on the overall adequacy of the notice program.

3. This report will detail all of the notice activities that were undertaken, provide "proofs of performance," and explain how and why the Notice Plan was adequate to satisfy due process requirements.

## SUMMARY OF CONCLUSIONS

4. The Court-approved Notice Programs, designed and implemented for this case, achieved each of the planned objectives:

    a. Each element of the Notice Programs approved by the Court has been implemented.

    b. The Notice Programs, as implemented, reached:

        i. Approximately 88.2% of potential Rule 23(b)(3) Class Members through Individual Notice and

        ii. Approximately 75.1% of potential Rule 23(b)(2) Class Members through Publication Notice.

    c. The Court-approved Notices were noticeable, clear, concise, substantive, and informative. No significant or required information was missing.

5. In my view, the Notice Programs provided the best notice practicable under the circumstances of this case and satisfied due process.

6. The details of the Notice Programs and the basis for my opinion on their adequacy are outlined below.

## NOTICE PROGRAM IMPLEMENTATION

### *Rule 23(b)(3) Class Notice*

7. Specific information regarding the Individual Notice portion of the Rule 23(b)(3) Notice Program is provided in the Declaration of Karen Rogan of Rust Consulting, Inc. ("Rust"), which is being filed concurrently with this Declaration ("Rogan Declaration").

8. In developing the Rule 23(b)(3) Notice Program, it was determined that a comprehensive mailing list was available for households with potential Class Members in the File Request and Dispute Classes ("Rule 23(b)(3) Class"), so it was reasonable and appropriate to reach them via direct mail.

9. On June 12, 2013, Rust sent mailings to 32,558 Rule 23(b)(3) Class Members. A copy of the Postcard Notice as printed and mailed is attached as Exhibit 1 to the Rogan Declaration.

10. As detailed in the Rogan Declaration, the notices that were returned as non-deliverable were re-mailed if a new address was available through standard and customized tracing or through a forwarding address provided by the USPS. Of these 6,097 undeliverable Notices, Rust located 2,776 new addresses through a trace process. Rust mailed the Notices to those 2,776 Class Members at these updated addresses. Additionally, the USPS returned 135 Notices with forwarding addresses and Rust re-mailed the Notices to these Class Members at their forwarding addresses. An additional 515 were returned a second time. As of November 18, 2013, 3,836 Postcard Notices remain undelivered.

11. Overall, the Postcard Notice reached approximately 88.2% of the potential Rule 23(b)(3) Class Members.

### *Rule 23(b)(2) Class Notice*

12. The advisory committee's note to Cf. Fed. R. Civ. P. 23 (2003 Amendments) provides guidance on the appropriateness of providing individual notice: "Individual notice is appropriate, for example, if class members are required to take action—such as filing claims—to participate in the judgment, or if the court orders a settlement opt-out opportunity under Rule 23(e)(3)." In my opinion, individualized, mailed notice for a Rule 23(b)(2) settlement class such as this one (with at least 200 million Settlement Class Members receiving Injunctive Relief) is not reasonable nor practicable, especially where class members do not have the opportunity to opt out of the settlement and are not required to take any affirmative action to receive the benefits of the settlement.

13. Pursuant to the Rule 23(b)(2) Notice Program, as approved by the Court, KM placed insertions in the following media to reach Rule 23(b)(2) Class Members:

| **National Consumer Magazines** | **Circulation** |
|---|---|
| *Better Homes and Gardens* | 7,600,000 |
| *National Geographic* | 4,000,000 |
| *Parents* | 2,200,000 |
| *People* | 3,475,000 |
| *People en Espanol* | 540,000 |
| | |
| **U.S. Territory Newspapers** | **Circulation** |
| *El Nuevo Dia* | 250,000 |
| *El Vocero* | 140,000 |
| *Pacific Daily News* | 30,000 |
| *Primera Hora* | 140,869 |
| *Saipan Tribune* | 2,500 |
| *Samoa News* | 4,000 |
| *St. Croix Avis* | 14,000 |
| *St. Johns Trade Winds* | 2,400 |
| *Virgin Islands Daily News* | 13,000 |
| | |
| **Newspaper Supplement** | **Circulation** |
| *Parade* | 32,500,000 |
| | |
| **Online Media** | **Delivered Impressions** |
| 24/7 Network | 126,046,877 |
| Facebook.com | 201,116,258 |

14. An Implementation Report for the Rule 23(b)(2) Notice Program is attached as **Exhibit 1** and confirms that the Court-approved Notice Program was implemented. The report details each print publication and the date and page number upon which the Publication Notice appeared. The report confirms that KM has received a true and correct copy of the advertisement, or "tearsheet," from each publication. The report also details the delivered gross impressions for the Internet advertisements.

15. For the purpose of evaluating the strength and efficiency of the media, the national newspaper supplement, national consumer magazines, and Internet banner advertising were

measured against the target audience to establish the estimated *reach*[1] of the media program and the estimated *frequency*[2] of exposure to the media vehicles.[3] At least 75.1% of Adults 18+ were reached through the Publication Notice an average of two times.

### *Online Media*

16. On June 7, 2013, the two websites established for each of the individual Classes went live. The Rule 23(b)(2) Class URL was CollectionReportLawsuit.com. The Rule 23(b)(3) Class URL was www.FileDisputeReportClass.com. By accessing the websites, Class Members could obtain information on the Proposed Settlement. The Rule 23(b)(2) website address was prominently included in the Publication Notice. The Rule 23(b)(3) website address was prominently included in the Postcard Notice. As of November 18, 2013, there have been 199,867 unique visits to the Rule 23(b)(2) website and 6,261 unique visits to the Rule 23(b)(3) website.

### *Other*

17. On June 7, 2013, toll-free phone numbers were established for each individual Class, allowing Class Members to call and request that a Detailed Notice be mailed to them or listen to frequently asked questions. As of November 18, 2013, there have been 3,084 calls to the Rule 23(b)(2) toll-free number and 2,211 calls to the Rule 23(b)(3) toll-free number.

18. Post office boxes were also established allowing Settlement Class Members to contact Class Counsel by mail with any specific requests or questions.

## PERFORMANCE AND DESIGN OF NOTICE PROGRAM

19. **Objectives were met.** The primary objectives of the Notice Programs in this case

---

[1] Reach is the estimated percentage of a target audience reached through a specific media vehicle or combination of media vehicles.
[2] Frequency is the estimated average number of opportunities an audience member has to see the notice.
[3] GfK MRI and comScore do not measure U.S. territories and possessions. Therefore, the U.S. Territory Newspapers contribution to the overall reach of the media is not calculated.

were to effectively reach the greatest practicable number of Class Members with "noticeable" Notices of the Settlement and provide Class Members with every reasonable opportunity to understand that their legal rights are affected. This objective was successful.

20. ***The Notice reached Class Members effectively.*** Our calculations indicate that Individual Notice reached an estimated 88.2% of potential Rule 23(b)(3) Class Members, and the Rule 23(b)(2) Notice Program reached an estimated 75.1% of potential Rule 23(b)(2) Class Members. In addition, although not included in the reach percentages above, the Settlement websites further enhanced coverage among the Classes. Based on our calculations, I can confidently state that the Classes were adequately reached with notice of the Settlement.

21. ***Notices were designed to increase noticeability and comprehension.*** The Court-approved Notices were designed to get the attention of Class Members by, for example, including bold and informative headlines. Once people "noticed" the Notices, it was critical that they could understand the contents of the notice.

22. The Postcard Notice and Publication Notice were worded with simple, plain language text to encourage readership and comprehension. They were both designed to get the readers' attention. No important or required information was missing or omitted. The Notices refer readers to the availability of more information via the Settlement websites or toll-free numbers.

23. The Detailed Notices were available via the websites or the toll-free numbers. The Detailed Notices provided substantial information, including all specific instructions Class Members needed to follow to properly exercise their rights and background on the issues in the case. The Detailed Notices included a large, bold headline that captured attention and immediately alerted even casual readers that they should read the Notices and explained why they were important. The Detailed Notices were designed to encourage readership and understanding, in a well-organized and reader-friendly format. The Detailed Notices were written in a question and answer format that made it easy to find answers to common questions.

## CONCLUSIONS

24. It is my opinion that the Notices and Notice Programs have provided members of the Classes the best notice practicable under the circumstances.

25. The Court-approved Notices and Notice Plan also comport with Rule 23 of the Federal Rules of Civil Procedure and the guidance for effective notice articulated in the FJC's *Manual for Complex Litigation, 4th*.

I declare under penalty of perjury and the laws of the United States and the District of Columbia that the foregoing is true and correct and that this declaration was executed on November 19, 2013, in Washington, D.C.

*[signature]*

---
SHANNON R. WHEATMAN

# EXHIBIT 1

# Notice Program Implementation Report
*Berry v. LexisNexis*



| **Paid Media Components** | | | | |
|---|---|---|---|---|
| **Print Media** | Unit Type/Size | Date Ad(s) Ran | Page # of Ad | Tearsheet Received? |
| **Magazine(s)** | | | | |
| *Better Homes & Gardens* | Half Page (3.5" x 10") | 7/16/2013 | 169 | Yes |
| *National Geographic* | Full Page (5.75" x 9") | 6/26/2013 | 137 | Yes |
| *Parents* | Half Page (3.5" x 10") | 7/9/2013 | 53 | Yes |
| *People* | Half Page (3.375" x 10") | 7/5/2013 | 41 | Yes |
| *People* | Half Page (3.375" x 10") | 7/12/2013 | 58 | Yes |
| *People en Espanol* | Half Page (3.375" x 10") | 7/5/2013 | 138 | Yes |
| **Newspaper(s)** | | | | |
| *El Nuevo Dia* | 10.87" x 6" | 7/11/2013 | 93 | Yes |
| *El Vocero* | 10" x 6" | 7/11/2013 | 26 | Yes |
| *Pacific Daily News (Guam)* | 9.87" x 7" | 7/14/2013 | 5 | Yes |
| *Primera Hora* | 10.87" x 6" | 7/11/2013 | 23 | Yes |
| *Saipan Tribune* | 7.25" x 10.125" | 7/12/2013 | 15 | Yes |
| *Samoa News* | 4" x 16" | 7/9/2013 | 6 | Yes |
| *St. Croix Avis* | 4" x 13" | 7/10/2013 | 21 | Yes |
| *St. Johns Tradewinds* | 10.25" x 6" | 7/8/2013 | 9 | Yes |
| *Virgin Islands Daily News* | 10.25" x 5.5" | 7/13/2013 | 8 | Yes |
| **Newspaper Supplement(s)** | | | | |
| *Parade* | 2/5 Page (5.25" x 6.75") | 7/7/2013 | 10 | Yes |
| **Online Media** | Ad Type/Size | Ordered Impressions | Delivered Impressions | Ads Ran? |
| **Web** | | | | |
| *24/7 Network* | 728x90, 300x250, 160x600 | 126,000,000 | 126,046,877 | Confirmed |
| *Facebook.com* | 100x100 | 80,000,000 | 201,116,258 | Confirmed |