# EXHIBIT 4

GREGORY THOMAS BERRY, )
SUMMER DARBONNE, )
RICKEY MILLEN, SHAMOON SAEED, )
ARTHUR B. HERNANDEZ, ERIKA A. )
GODFREY, and TIMOTHY OTTEN, *on* )
*behalf of themselves and others similarly* )
*situated,* )
)
        **Plaintiffs,** )     **CASE NO. 3:11-cv-00754-JRS**
**v.** )
) **The Honorable James R. Spencer**
LEXISNEXIS RISK & INFORMATION )
ANALYTICS GROUP, INC., )
SEISINT, INC., )
and REED ELSEVIER, INC., )
)
        **Defendants.** )
_____ )

## DECLARATION OF DALE W. PITTMAN IN SUPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS

## DECLARATION OF DALE W. PITTMAN

Dale W. Pittman declares under penalty of perjury that the following statements are true:

1.     I am over the age of 18 and have personal knowledge of the facts set forth herein.

2.     I am a member in good standing of the bars of the following courts:

Supreme Court of the United States
Washington, DC
February, 1997

Supreme Court of Virginia
Richmond, Virginia
June 8, 1976

U. S. Court of Appeals for the Fourth Circuit
Richmond, Virginia
September 2, 1980

U. S. District Court for the Western District of Virginia
Roanoke, Virginia

U. S. District Court for the Eastern District of Virginia
Richmond, Virginia
December 30, 1976

U. S. Bankruptcy Court for the Eastern District of Virginia
Richmond, Virginia
November, 1997.

3.      I am a 1971 graduate of Hampden-Sydney College and a 1976 graduate of the T. C. Williams School of Law of the University of Richmond, Virginia.  I am a member of the Virginia State Bar, the Virginia Trial Lawyers Association, the Virginia Bar Association, the National Association of Consumer Advocates, and the Petersburg Bar Association, of which I am a past President.  I am a member of the Council of the Virginia State Bar, the State Bar's governing body, serving in my third term as the elected representative of the Eleventh Judicial Circuit.  I am a member of the Board of Governors of the Virginia Trial Lawyers Association, and I chair the VTLA's Consumer Law Section. I serve as the President of the Board of Directors of the Legal Services Corporation of Virginia, which provides funding for programs offering civil legal assistance to low-income Virginians.

4.      From February 1, 1977 until September 13, 1996, I was employed by Southside Virginia Legal Services, in Petersburg, Virginia, as its General Counsel (Chief Executive Officer). My caseload at Southside Virginia Legal Services evolved over the years into a primarily consumer law practice.

5.      From September 16, 1996, until the present, I have maintained a private law practice with an office located in Petersburg.  My work in private practice is limited almost exclusively to the representation of consumers, with particular emphasis on representing

consumer debtors under the Fair Debt Collections Practices Act. I have a statewide consumer law practice, and have represented consumers from all regions of the Commonwealth and elsewhere.

6.      I was a contributing editor to the consumer law sections of <u>Virginia Practice Manual</u>, a practice manual for Legal Aid lawyers in Virginia, and for private lawyers handling cases under the auspices of *pro bono* initiatives in Virginia.

7.      Pleadings and discovery from many of my consumer law cases appear in the National Consumer Law Center's <u>Consumer Law Pleadings</u>, nationally distributed form books of consumer law pleadings, beginning in 1994. Pleadings and discovery from my cases appear in Books 1, 2, 5, 6, 7, 10, and 11.

8.      I have given at least seventy lectures to lawyers that qualified for continuing legal education credit.

9.      I have made two presentations on consumer protection law and litigation to Virginia's General District Court judges at the Judicial Conference of Virginia for General District Court judges, one in 1987 on consumer protection laws generally and one in 2008 on arbitration in consumer financial services cases.

10.     I have given a number of lectures to professional groups on consumer law issues, including:

| Fair Debt Collections Practices Act | Working With Military Clients, Military Law Section of the Virginia State Bar, Williamsburg, Virginia | October 18, 2013 |
| How the Consumer Bar Views FDCPA Compliance by Collection Attorneys | National Association of Retail Collection Attorneys Fall Collection Conference, Washington, | October 17, 2013 |

DC

| | | |
|---|---|---|
| Making the Bad Guys Pay | Virginia Poverty Law Center, Richmond | May 9, 2013 |
| FDCPA: Ask the Experts | National Association of Consumer Advocates Fair Debt Collection Training Conference, Baltimore | March 8, 2013 |
| FDCPA Update | JAG School, Charlottesville | December 11, 2012 |
| Fair Debt Collections Practices Act | VA CLE, Charlottesville, VA | September, 2012 |
| FDCPA | ABA Standing Committee on Legal Assistance to Military Personnel, George Mason University Law School | March 15, 2012 |
| Fair Debt Collections Practices Act | Ft. Lee Legal Assistance Division JAG Office CLE | May 5, 2011 |
| Debt Collection: Protecting Consumers in Debt Collection and Arbitration | Federal Trade Commission Roundtable, Washington, DC | December 4, 2009 |
| Handling Fair Debt Collections Practices Act Cases | 65th Legal Assistance Course, The Judge Advocate General's Legal Center and School, Charlottesville | November 16, 2009 |
| Handling Fair Debt Collections Practices Act Cases | VPLC Statewide Legal Aid Conference, Williamsburg | November 5, 2009 |

| | | |
|---|---|---|
| Challenging Predatory Small Loans | National Consumer Law Center Consumer Rights Litigation Conference, Philadelphia | October 23, 2009 |
| The Fair Debt Collections Practices Act: Update 2009 | VA CLE Webinar | September, 2009 |
| Handling Fair Debt Collections Practices Act Cases | 2009 Mid-Atlantic Joint Services Consumer Law Symposium, Naval Legal Service Office Mid-Atlantic Legal Assistance Department, Norfolk | June 12, 2009 |
| Handling Fair Debt Collections Practices Act Cases | 64th Legal Assistance Course, The Judge Advocate General's Legal Center and School, Charlottesville | April 2, 2009 |
| Defending Consumers in Medical Debt Collection Cases | National Consumer Law Center's Consumer Rights Litigation Conference in Portland, Oregon | October, 2008 |
| Combating Consumer Issues Facing the Military, FDCPA Cases | Consumer Law Intensive for Military Personnel Advocates, National Consumer Law Center's Consumer Rights Litigation Conference in Portland, Oregon | October, 2008 |
| Issues in Arbitration Cases | Judicial Conference of Virginia for District Court Judges, Virginia Beach | August 13, 2008 |

| | | |
|---|---|---|
| A Perfect Storm – The Intersection of the FDCPA and the FCRA in Debt Collection Harassment Cases | Virginia CLE Solo and Small Firm Institute, Williamsburg | May 13, 2008 |
| Defending Debt Collection Suits | National Consumer Rights Litigation Conference, Washington, D.C. | November 11, 2007 |
| Emerging Issues in Debt Collection Abuse & False Credit Reporting | Virginia Trial Lawyers Association Solo & Small Firm Conference, Richmond | October 19, 2007 |
| Collecting Consumer Debts:  The Challenges of Change.   Concerns About Debt Collection:  The Consumer's Perspective | Federal Trade Commission, Washington, D.C. | October 10, 2007 |
| The Fair Debt Collections Practices Act (Including 2006 Amendments) | Virginia CLE | September 24, 2007 |
| Fair Debt Collections Practices Act | Naval Legal Service Office Mid-Atlantic Joint Services Consumer Law Symposium, Norfolk | May 11, 2007 |
| How to Win (or Not Lose) an Arbitration | National Consumer Rights Litigation Conference Miami, Florida | November 11, 2006 |
| Consumer Debt Collection | 59th Legal Assistance Course The Judge Advocate's School Charlottesville | November 2, 2006 |
| Consumer Credit: Remedies You Should be Aware of | Virginia Trial Lawyers Association | October 20, 2006 |

| | Solo & Small Firm Conference, Williamsburg | |
|---|---|---|
| Collection Law From Start to Finish (Presentation on the FDCPA) | National Business Institute Richmond | October 10, 2006 |
| Overview of the Fair Debt Collections Practices Act | Framme Law Firm, Richmond | June 23, 2006 |
| Fair Debt Collection Practices Act | Naval Justice School Newport, Rhode Island | May 22 , 2006 |
| Fair Debt Collection Practices Act – Essential Tips for Both Debtors and Creditors | Virginia CLE - 4th Annual Advanced Consumer Bankruptcy, Richmond | April 28, 2006 |
| Fair Debt Collection Practices Act | 3rd Annual Naval Legal Service Office, Mid-Atlantic, Auto Fraud Symposium, Norfolk | April 12, 2006 |
| What the Virginia Lawyer Must Know about Consumer Protection | Solo and Small Firm Conference – Virginia Trial Lawyers Association, Charlottesville | September 30, 2005 |
| Points to Consider if You are Going to Arbitration | National Consumer Law Center's 13th Annual Consumer Rights Litigation Conference | November 7, 2004 |
| Protecting Your Client's Consumer Rights – Fair Debt Collections Practices Act | Virginia CLE - Richmond and Tysons Corner | April 21 and 22, 2004 |

| | | |
|---|---|---|
| Fair Debt Collections Practices Act Training Conference – Practice Issues | National Consumer Law Center and National Association of Consumer Advocates, Kansas City | February 22, 2004 |
| Fair Debt Collections Practices Act | Henrico County Bar Association and Virginia Creditor's Bar Association, Richmond | February 19, 2004 |
| Using Experts in Automobile Sale Wreck Damage Cases | IVAN Diminished Value Conference, Chesapeake | January 31, 2004 |
| Consumer Law: Everything You Need to Know to be an Expert in Handling the Latest in Consumer Cases | First Annual Solo and Small Firm Conference – Virginia Trial Lawyers Association, Charlottesville | October 10, 2003 |
| Points To Consider If You Are Going To Arbitration | Virginia Women Attorney's Association, Southside Chapter, Petersburg | July 31, 2003 |
| Fair Debt Collection Practices Act | Virginia CLE, First Advanced Consumer Bankruptcy Conference | May 2, 2003 |
| Fair Debt Collection Practices Act Fair Credit Reporting Act | Naval Justice School Newport, Rhode Island | April 3, 2003 |
| Overview of the Fair Debt Collections Practices Act | Framme Law Firm, Richmond | December 17 & 18, 2002 |
| Arbitrating: Who's Afraid of the Big Bad Wolf? | National Consumer Law Center Consumer Rights Litigation Conference, Atlanta | October 26, 2002 |
| Mobile Home Litigation Issues | National Consumer Law Center Consumer Rights | October 25, 2002 |

| | | |
|---|---|---|
| | Litigation Conference, Atlanta | |
| Settlement Agreements and Confidentiality Issues:  Recent Cases in the News and the Problems News Attention Can Create | Virginia Trial Lawyers Association Fall Fiesta, Richmond | September 28, 2002 |
| Practice Pointers Roundtable | Virginia Trial Lawyers Association Fall Fiesta, Richmond | September 27, 2002 |
| Arbitration and Beyond:  What to Do If You Are Forced Into Arbitration and What Happens After the Arbitral Award | Virginia Trial Lawyers Association Fall Fiesta, Richmond | September 27, 2002 |
| Fair Debt Collection | ABA Standing Committee on Legal Assistance for Military Personnel Legal Assistance Symposium, Quantico | August 15, 2002 |
| Practical Applications of Consumer Protection Laws for the General Practitioner – Part II | Virginia Women Attorneys Association, Southside Chapter, Petersburg | June 27, 2002 |
| Practical Applications of Consumer Protection Laws for the General Practitioner – Part I | Virginia Women Attorneys Association, Southside Chapter, Petersburg | April 25, 2002 |
| Federal Court-Fun & Easy | Annual Statewide Legal Aid Conference, Virginia Beach | November 1, 2001 |
| FDCPA Compliance for the Virginia Practitioner | National Business Institute CLE for Virginia Lawyers, Richmond | October 11, 2001 |

| | | |
|---|---|---|
| Use of Magnuson-Moss Warranty Act in the Recovery of Attorney's Fees | Virginia Trial Lawyers Association Fiesta 3, Richmond | September 28, 2001 |
| Credit Reporting Abuse | Petersburg Kiwanis Breakfast Club, Petersburg | September 18, 2001 |
| A Consumer Lawyer's Perspective on Mobile Home Transactions | Virginia Manufactured Housing Association, Virginia Beach | August 8, 2001 |
| Debt Collection Harassment, Credit Reporting Abuse, Home Solicitation Sales, Fraud. | Elder Law Day | May 11, 2001 |
| Truth in Lending Act and Title Issues in Car Sales | VA Independent Automobile Dealers Association, District 1 Dinner Meeting, Virginia Beach, Virginia | April 11, 2001 |
| What Do These Attorneys Know About The Used Car Business That You Don't? | VA Independent Automobile Dealers Association, District 2 Dinner Meeting, Richmond, Virginia | January 30, 2001 |
| Mobile Home Litigation Issues | National Consumer Law Center Consumer Rights Conference | October 28, 2000 |
| Update on the Fair Debt Collection Practices Act | Virginia CLE® | July 12 and 19, 2000 |
| Consumer Privacy in the Electronic Age | The Bar Association of the City of Richmond | May 31, 2000 |
| Consumer Law Update for Virginia Practitioners, Fair Debt Collection Practices Act. | Virginia CLE® | December 7 and 8, 1999 |

| | | |
|---|---|---|
| Recent Developments in Fair Debt Collection, With an Emphasis on the Fourth Circuit | Annual Statewide Legal Aid Conference | November 3, 1999 |
| Recent Developments in Fair Debt Collection | The Bankruptcy Section of the Bar Association of the City of Richmond | October 26, 1999 |
| Consumer Law Seminar | Office of the Staff Judge Advocate, Ft. Eustis, Virginia | August 27, 1999 |
| Automobile Fraud and Financing Issues | Annual Statewide Legal Aid Conference | November 11, 1998 |
| Consumer Law for Support Staff | Annual Statewide Legal Aid Conference | November 11, 1998 |
| First Day in Practice (Topic: Consumer Law Practice) | Virginia State Bar | November 3, 1998 |
| Complying with the Fair Debt Collection Practices Act in Virginia | National Business Institute CLE for Virginia Lawyers | September 9, 1998 |
| Basic Overview of Several Consumer Protection Laws Available to Assist Victims of Consumer Fraud and Abuse | Charlottesville-Albemarle Bar Association Bankruptcy/Creditors' Rights Committee | February 10, 1998 |
| Overview of Consumer Law for Support Staff | Annual Statewide Legal Aid Conference | November 6, 1997 |
| The Fair Debt Collection Practices Act | Annual Statewide Legal Aid Conference | November 6, 1997 |
| Recent Developments under the Fair Debt Collection Practices Act | Virginia Creditor's Bar Association | September 25, 1997 |

| | | |
|---|---|---|
| Fair Debt Collection Practices Act | 10th Circuit Bar Association | April 23, 1997 |
| Complying With the Fair Debt Collection Practices Act in Virginia | National Business Institute CLE for Virginia Lawyers | February 11, 1997 |
| Handling Repossession Cases (gave segment on odometer law) | Virginia Legal Services Consumer Law Task Force | |
| State and Federal Consumer Protection Statutes Frequently Applicable to General District Court Cases | Judicial Conference of Virginia General District Court Judges | April 29, 1989 |
| Everything Under the Sun You Ever Wanted to Know About Handling Home Improvement Cases | Elderly Law Task Force of Virginia Legal Services Programs | |
| Consumer Law for Non Consumer Lawyers | Virginia Legal Services Attorneys | |
| Handling Home Improvement Cases | Consumer Law Training for Virginia Legal Services Attorneys | |

11.     The Summer 2006 edition of *The Journal of the Virginia Trial Lawyers Association*, included "Disputing Home Loan Servicing Abuse Through RESPA,"  an article that I prepared for that publication.

12.     From 2001 through 2010, I prepared annual reports on Virginia law for the American Bar Association's *Survey of State Class Action Law*.

13.     I was Section Chairman and Program Moderator for a Virginia Trial Lawyers Association Consumer Law Seminar entitled "Keeping the Big Boys Honest," that took place on

April 25, 1997, and covered the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, Consumer Class Actions, Motor Vehicle Litigation, and Recovering Attorney's Fees in Consumer Litigation. I was Program Chair for the Consumer Law portion of the VTLA's February Fiesta CLE that took place in Williamsburg in February, 2000. I was a presenter on Mobile Home Sales, and in a Consumer Law Practice Roundtable.  I was Program Chair for the Consumer Law portion of the VTLA's Fall Fiesta that took place in Williamsburg on October 14 and 15, 2000, and was a presenter on Emerging Issues in Mobile Home Sales Fraud.   I was program Chair for the Consumer Law portion of the VTLA's Fiesta 3 that took place in Richmond on September 28 and 29, 2001, and was a presenter on "Use of the Magnuson-Moss Warranty Act to Recover Attorney's Fees."  I was program Chair for the Consumer Law portion of the VTLA's Fiesta 2002 that took place in Richmond on September 27 and 28, 2002, and was a presenter on "Settlement Agreements and Confidentiality Issues:  Recent Cases in the News and the Problems News Attention Can Create," "Arbitration and Beyond:  What to Do If You Are Forced Into Arbitration and What Happens After the Arbitral Award," and a roundtable participant in a "Practice Pointers Roundtable."

14.     I have been involved in many consumer cases involving a range of consumer protection laws, with an emphasis on the Fair Debt Collection Practices Act.  Fair Debt Collection Practices Act cases that I have handled alone or co-counseled with others include Withers v. Eveland, 988 F. Supp. 942 (E.D. Va. 1997); *Creighton v. Emporia Credit Service, Inc.,* 981 F. Supp. 411 (E.D. Va. 1997); *Morgan v. Credit Adjustment Board*, 999 F. Supp. 803 (E.D.Va. 1998); *Talbott v. GC Services Limited Partnership*, 53 F. Supp. 2d 846 (W.D. Va. 1999); *Talbott v. GC Services Limited Partnership*, 191 F.R.D. 99 (W.D. Va. 2000); *Woodard v. Online Information Servs.*, 191 F.R.D. 502 (E.D.N.C., Jan. 19, 2000); *Jones v. Robert Vest*, 2000

U.S. Dist. LEXIS 18413 (E.D. Va. 2000); *Kelly v. Jormandy*, 2005 U.S. Dist. Lexis 29901 (W.D. Va. 2005); *Turner v. Shenandoah Legal Group, P.C.*, 2006 U.S. Dist. LEXIS 39341 (E.D.Va., June 12, 2006); *Karnette v. Wolpoff & Abramson L.L.C.*, 2006 U.S. Dist. LEXIS 53382 (E.D. Va. Aug. 2, 2006); *Croy v. E. Hall & Associates, P.L.L.C.*, 2007 U.S. Dist. LEXIS 14830 (W.D. Va. 2007); *Karnette v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 20794 (E.D. Va. March 23, 2007); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d at 841v (E.D. Va. 2011); *Goodrow v. Friedman & MacFadyen, P.A.*, 788 F. Supp. 2d 464 (E.D. Va. 2011); and *Goodrow v. Friedman & MacFadyen, P.A.*, 2013 U.S. Dist. LEXIS 105395 (E.D. Va. July 26, 2013). I was one of several lawyers representing plaintiff classes in a Multidistrict FDCPA class action, styled *In Re Dun & Bradstreet, Inc. Debt Collection Practices Litigation*, MDL #1198. The cases, originally transferred by the Judicial Panel on Multidistrict Litigation to the Western District of Virginia, Danville Division, for consolidated pretrial proceedings, were centralized before the Northern District of Illinois for purposes of finalizing settlement. Classes were certified by Judges Kiser and Boyle in the *Talbott* and *Woodard* cases. Judge Wilson certified a class in *Gansauer v. Transworld Systems, Inc.*, Civil Action No. 7:00cv00931, a case under the Fair Debt Collections Practices Act. Judge Conrad certified a class in *Kashani v. Integrity Collections,* Civil Action No. 5:06cv73, a case under the Fair Debt Collections Practices Act. Judge Payne certified a class in *Karnette*. Judge Hudson certified a class in Bicking.

15.     I served as Special Master in the case styled *Silva v. Haynes Furniture Company, Inc.,* Civil Action No. 4:04cv082, E.D.Va., an ECOA/FCRA class action, having been appointed by Judge Kelley on January 27, 2006.

16.     On November 9, 2007, I received the 2007 Consumer Attorney of the Year Award from the National Association of Consumer Advocates at its Annual Meeting in Washington, D.C. On October 21, 2010, I received the *Virginia Lawyers Weekly* "Leader in the Law 2010" award. On November 4, 2010, I received the Virginia Poverty Law Center's John Kent Shumate, Jr. Advocate of the Year Award, in recognition of my having made a significant impact in advocating for low-income Virginia residents. The Virginia Trial Lawyers Association will recognize me as only the fifth recipient of its Oliver White Hill Courageous Advocate Award at the VTLA's 2014 annual convention next March, an award periodically presented to an advocate who has demonstrated courage and commitment to the ideals of justice in representing an individual or cause at considerable personal risk. I have been selected to Virginia Super Lawyers 2011, 2012 and 2013.

17.     Less than a handful of Virginia attorneys are willing to accept consumer cases because of the special expertise required and the risk of nonpayment. I request attorney's fees at the rate of $425.00 per hour. I believe that the amount requested is reasonable, and that it is less than the rates being charged by many attorneys of similar experience and expertise in Virginia's federal and state courts.

18.     My standard hourly billing rate is $425.00. That is the rate I charge clients for representation in consumer cases.  I increased my hourly rate from $375 to $425 early in the fall of 2008, and have maintained it at $425 since that time.

19.     More recently, my current $425 hourly rate was approved by Judge Lauck in *Randle v. H&P Capital, Inc.,* No. 3:09cv608, 2010 U.S. Dist. LEXIS 74994 (E.D. Va. July 21, 2010), adopted in part by Judge Payne, 2010 U.S. Dist. LEXIS 101509 (E.D. Va. Sept. 23,

2010); affirmed in part and appeal dismissed in part by R<u>andle v. H&P Capital, Inc.,</u> 2013 U.S. App. LEXIS 4506 (4th Cir. Va., Mar. 5, 2013).

20.     My caseload consists almost exclusively of consumer protection matters on behalf of consumers, with a heavy emphasis on cases under the Fair Debt Collections Practices Act.  I undertake representation in most cases with the expectation of being paid a contingency amount from the proceeds of recovery, or being paid based on an award of fees pursuant to a fee shifting statute such as the FDCPA.  I also represent many consumers on the basis of fees paid to me directly by the individual clients.  In those cases, the rate of compensation that I require for my services is based on the hourly rate of $425.00.

21.     I am able to bill at $425.00 per hour because I have over thirty-five years experience as a consumer protection lawyer.  Hardly any other attorneys in Virginia have such extensive experience representing consumers, and I know of no other lawyer in Virginia whose practice is limited to a consumer law practice aimed heavily at the FDCPA.

22.     I have extensive experience in cases brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et.</u> <u>seq.</u> (the "FDCPA").  I routinely represent plaintiffs in cases brought in the Eastern District of Virginia under the FDCPA.  I have been involved in many cases involving requests for attorneys' fees under the FDCPA and am familiar with the rates charged by both plaintiffs' and defense attorneys in this region.  My knowledge of the prevailing rates in this region comes from a variety of sources, including my own personal experience requesting, or opposing requests for, attorneys' fees, discussions with other attorneys, advertised rates, case decisions and other publications.  I have had an opportunity to survey the current hourly rates charged in this District and Division, as well as in the consumer protection field. My current billing rate is $425 per hour.  Given the specific knowledge I have as to hourly rates

charged and approved in this District and Division, I am comfortable stating that the average hourly rates for federal litigation attorneys in this District and Division range between $300 and at least $600.

23.     I became involved in this matter in 2005, when William Joseph Graham ("Mr. Graham") sought my assistance with regard to scattershot debt collection activity from multiple creditors and debt collectors that had begun targeting him for debts that he did not owe and that were not his.[1]

24.     Beginning in 2005, Mr. Graham became the victim of debt collection targeting him by what became a large number of debt collectors and creditors, including among the creditors Southside Regional Medical Center in Petersburg, attempting to collect the debts of another person, a "Joseph Graham," who my investigation indicated to have resided in Petersburg, and whose Social Security number I found to be similar to that of Mr. Graham.

25.     As my assistance to Mr. Graham progressed, it became apparent that his situation involved more than simply misconduct by debt collectors. Information on Mr. Graham was being gathered and disseminated by some source with the result that he was becoming the target over and over of misdirected debt collection activity.

26.     After assisting Mr. Graham with a series of false collection campaigns directed at him, my investigation indicated that he was being placed in the crosshairs of creditors and debt collectors as the result of false information being reported as to him on "Accurint" branded reports that had merged certain of Mr. Graham's personal identifiers with those of others.

_____

[1]  Mr. Graham has never been a proper target of the debt collection activity that has plagued him. He is employed as the Curator of Architecture for the Colonial Williamsburg Foundation. Mr. Graham is an internationally recognized architectural historian. He pays his debts, having historically maintained a pristine credit reputation. He has consistently been targeted by debt collectors attempting to collect debts owed or asserted to be owed by others.

27.     In 2009, I was retained by Crystal Myrick, an Emporia elementary school teacher, who, like Mr. Graham, was being dunned for the medical debt of a stranger with a similar name. Like Mr. Graham, Ms. Myrick repeatedly told both creditor and debt collector that she was being dunned for an account that was not hers, for services that were not rendered to her, and for debt that was not her responsibility.

28.     Nevertheless, both creditor and debt collector continued to demand payment from Ms. Myrick for the debt of another person.

29.     My investigation found that Ms. Myrick, like Mr. Graham, had become the target of a collection campaign based on the inaccurate contents of an "Accurint" branded report obtained by a debt collector, the contents of which report formed the basis of the collector's inaccurate belief that Ms. Myrick owed money on a medical services account that was not hers.

30.     Thereafter, Mr. Graham and Ms. Myrick filed *Graham and Myrick v. LexisNexis Risk & Information Analytics Management Group, Inc.*, Civil Action No. 3:09cv655, ("*Graham*") in this Court raising claims similar to Plaintiffs' claims here. I represented Plaintiffs and the class in this case, along with Consumer Litigation Associates and Cadell & Chapman.

31.     As part of venue transfer motion practice, Mr. Graham filed a declaration in *Graham*, describing in considerable detail the ordeal faced by him up through the January 20, 2010 filing of that declaration. I actively assisted Mr. Graham throughout the time period and circumstances described in his declaration.

32.     Mr. Graham's declaration describes the four lawsuits that he has filed as the result of his having been targeted by debt collectors seeking to collect debts that were never owed by Mr. Graham and there were in no way even remotely connected to Mr. Graham. His declaration similarly describes the total of thirteen third-party debt collectors who had, through the date of

his declaration, attempted to collect consumer debts from Mr. Graham, which debts were not his.

33.    Mr. Graham has continued to be targeted by an expanding number of third party debt collectors since January 20, 2010, having received what appear to be form dunning correspondence at his home address as recently as November 18, 2013. I have continued to monitor Mr. Graham's situation and advise him on what is certainly continued dunning arising from a history of the merger of identifier information on Mr. Graham being merged with that of others on Accurint branded reports.

34.    Ms. Myrick also filed a declaration in *Graham*, Document 54-18, filed January 20, 2010. Her declaration describes in considerable detail the misdirected attempts by her local hospital and its debt collector to collect from her debt that was owed or asserted to be owed by a stranger.

35.    Also in 2009, Cynthia Claiborne was referred to me by another local lawyer.

36.    As is described by her in a Declaration filed in the *Graham* case, Document 54-19, Ms. Claiborne was improperly garnished for the hospital debt of a similarly named individual. In her declaration, at Paragraph 18, Ms. Claiborne asserts her belief that she was the target of an improper wage garnishment as the result of the use by debt collector for the hospital creditor of an "Accurint" branded report that incorrectly linked her information to the subject hospital collection account.

37.    During the *Graham* litigation, Plaintiffs' counsel conducted formal and informal third party discovery directed at both lawyer and non lawyer debt collection entities in order to determine the nature and extent of their use of "Accurint" branded reporting information during the course of their collection activities. I handled or coordinated the majority of that work during the course of the *Graham* litigation, as part of the effort by the law firms representing Plaintiffs

through the history of litigation leading to and culminating in this case to coordinate our work to avoid duplication of effort.

38.     Similarly with respect to the coordination of work in a manner to maintain efficiency and avoid unnecessary duplication, I attended the July 30 mediation in Oakland with Randy Wulff, but I did not attend other mediation meetings described elsewhere in today's submissions.

39.     My estimated lodestar is $194,122.50.  My expenses are $7,203.41. This comes to a total of $201,325.91.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 22nd day of November, 2013.

  /s/  Dale W. Pittman
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com