# EXHIBIT 5

3867-ADMIN-000047

3867 - Berry v Lexis Nexis ADMIN Cover Sheet



Matter: 3867 - Berry v Lexis Nexis
PO Box: 2983

Note:



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY THOMAS BERRY, *et al.*, )
                                                 )
                    Plaintiffs,    )    Civil Action No. 3:11-cv-00754-JRS
                                                 )    The Honorable James R. Spencer
v.                                              )
                                                 )
LEXISNEXIS RISK & INFORMATION )
ANALYTICS GROUP, INC., *et al.*,    )
                                                 )
                    Defendants.   )

**OBJECTION OF 7,289 NAMED CLASS MEMBERS
TO PROPOSED RULE 23(B)(2) CLASS ACTION SETTLEMENT**

On behalf of the 7,289 individually-named class members, whose names, addresses and phone numbers are attached hereto (on a computer disc), undersigned counsel, who represents each of said class members, hereby files the following Objections to the proposed class action settlement of this case:

1. The 7,289 individuals whose names, addresses and telephone numbers are set forth in the attached list are all members of the proposed settlement class. Undersigned counsel represents each and every of these named class members by virtue of an individual and separate written fee agreement with each person on the attached list. Each and every of these individual class members hereby join in the following Objections as set forth herein.

2. The proposed class cannot be certified under Rule 23(B)(2) because monetary claims predominate pursuant to the cause of action asserted, the filed Complaint, and the proposed release of all claims. In fact, under both the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, private plaintiffs are not entitled to seek injunctive relief. Under both statutes, only the Federal Trade Commission (not a party to this action) can seek injunctive relief. Clearly, the release waives all claims for statutory damages, punitive damages, and attorneys' fees. As these monetary claims are not incidental, the proposed class should not and cannot be certified under Rule 23(B)(2).

3. When monetary claims predominate (as they do in this case), those claims cannot be discharged in a mandatory (non-opt-out) 23(B)(2) settlement; rather, class members must be afforded a right of opt-out. There are thousands of class members who are eager to exercise an opportunity to opt out.

4. The proposed class definition includes not only the approximate 100 million persons who may have an FCRA claim (because their data was part of a consumer report sent to third parties), but also an additional approximate 100 million more persons who do not have an FCRA claim because their data was not part of such a consumer report. As such, the class definition is arbitrary, unreasonable, overbroad, and unlawful.

5. Likewise, the class definition creates an intra-class conflict between those class members with a Fair Credit Reporting Act claim, and those who do not have a Fair Credit Reporting Act claim. These two distinct groups have very different interests at stake, and class counsel should have created two distinct sub-classes, with separate and independent counsel for each sub-class. Only with such separate counsel could each sub-class properly negotiate the best settlement only for its own self-interest. This Court

should not approve a class definition and settlement that contains such intra-class conflict.

6. The injunctive relief is nothing but a requirement to comply with existing law; as such, it is of little, if any, value. Such relief does not justify $5.5 million in attorneys' fees, particularly where that fee request is protected by a "clear-sailing" agreement. As such, the attorneys' fees are excessive and unreasonable compared to the settlement terms.

7. As the injunctive relief is of no significant value, and there is no other significant value being received by the class, the proposed settlement benefits do not constitute a fair, adequate and reasonable settlement. This is particularly true of those class members (many millions) who have a colorable claim for statutory damages up to $1,000 in cash.

8. The settlement is unfair and unreasonable in that the seven named plaintiffs are each to receive $5,000 incentive awards, while 200 million individual class members receive not one penny. The main beneficiaries of this settlement are the named plaintiffs, who are to receive $5,000; the class counsel, who are to receive $5.5 million; and the Defendant, who is to receive a release of all claims for statutory damages, punitive damages, and attorneys' fees. The class members are essentially left out of the equation.

9. The release appears to release future claims based on future conduct of the Defendant, which puts class members in a position worse than if they were not even in the class. If a person was not in the class, he would still "benefit" (not really a benefit) from the injunctive relief and yet he would be free in the future to pursue any claims

(based on future conduct) for statutory damages, punitive damages and attorneys' fees. By contrast, this settlement greatly benefits Defendants (who are getting a release "in advance" of future conduct), and class counsel (who is getting $5.5 million in fees "in advance" of those potential future damages to their clients).

10. Where: A.) monetary damages predominate; B.) those claims are fully released; C.) there is no right of opt-out of said release; and D.) the name and address of class members is known to Defendant, individual mail notice to each class member should be required. In fact, even if the monetary claims in this case did not "predominate" (which they do), individual notice to each class members should still be required because of the mandatory non-opt-out nature of the release, combined with the availability of the name and address of each class member.

11. In addition to, and in support of, these Objections, the 7,289 identified Objectors, in the interest of judicial economy, hereby adopt and incorporate the objections, arguments and authorities filed by Objector Adam E. Shulman on August 16, 2013 (document 71 on the docket of this case).

12. In addition to the 7,289 class members identified in the attached list, it is believed that there are many thousands of other class members who would choose to opt out of this grossly unfair settlement (and pursue their own individual claims) if they were afforded the opportunity. In fact, undersigned counsel have approximately 11,000 other clients (in addition to the 7,289) who, it is believed, based on past experiences, will opt out of this settlement and pursue their own individual lawsuit if permitted to do so. In other words, there are at least approximately 18,000 people known to undersigned counsel who would likely opt out of this distorted settlement.

WHEREFORE, based on the objections enumerated herein, these 7,289 class members, through undersigned counsel, hereby request the following relief:

A. That this Court deny the requested approval of the proposed settlement;

B. That this Court deny the attorneys' fees requested by class counsel;

C. That this Court not approve any settlement that does not provide a right of opt-out to the class members, including the 7,289 class members indentified in the attachment in this objection;

D. That this Court require, in any settlement of this case, that individualized mailed notice be sent to each and every of the class members;

E. Such other relief as may become necessary, fair and just if and when this settlement may proceed on some alternative terms.

Respectfully submitted,

*Edward W. Cochran*
EDWARD W. COCHRAN (0032942)
20030 Marchmont Road
Shaker Heights, Ohio 44122
216.751.5546 Voice
216.751.6630 Fax
edwardcochran@wowway.com

*Thomas Bevan, By EWC*
THOMAS W. BEVAN (0054063)
PATRICK M. WALSH (0075966)
Bevan & Associates LPA, Inc.
Dean Memorial Parkway
Boston Heights, Ohio 44236
330.650.0088
pwalsh@bevanlaw.com

Counsel for the 7,289 Class Members Whose Name, Address and Telephone Number Are Listed in the Attachment Hereto

## CERTIFICATE OF SERVICE

I certify that pursuant to both the preliminary approval and the Notice of the settlement, I have sent via first class mail a copy of the Objection to the following address:

LexisNexis Settlement Objections
P.O. Box 2983
Faribault, MN 55021-2983

And a courtesy copy to the following e-mail addresses for the counsel of record for plaintiffs and defendants:

lenbennett@cox.net
dale@pittmanlawoffice.com
jfrancis@consumerlawfirm.com
mac@caddellchapman.com
david.anthony@troutmansanders.com
jmccabe@mofo.com
rraether@ficlaw.com

I declare under penalty of perjury that the foregoing is true and correct.

_____  Dated: August 30, 2013
EDWARD W. COCHRAN



Berry v. LexisNexis
Cochran/Bevan Objectors
August 29, 2013
7,289 total

