UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VIENNA METRO LLC, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>PULTE HOME CORPORATRION, )<br>)<br>*Defendant.* ) | Case No. 1:10CV502<br>GBL/TCB |

## DECLARATION OF CRAIG C. REILLY

I, CRAIG C. REILLY, being duly sworn, do hereby depose and state as follows:

1. I am over 21 years of age and otherwise competent to make this declaration. I have personal knowledge of the statements contained herein. The statements herein are true and correct to the best of my knowledge, information, and belief.

2. I am a member of the Virginia State Bar (VSB # 20942) and am admitted to practice before this Court.

3. I have been asked to serve as an expert for plaintiff, Vienna Metro LLC, in support of its application for an award of attorneys' fees and expenses. I am being compensated for the time I have spent formulating my opinions and preparing this declaration. My compensation is not contingent in any way upon the Court's decision. In particular, I have been asked to opine about the hourly rates charged by attorneys in the Northern Virginia market for legal services similar to those provided by plaintiff's counsel in this case.

### QUALIFICATIONS

4. A true copy of my resume is attached as Exhibit 1. Pertinent to the pending fee application, I summarize my qualifications as follows:

5.  I am a 1981 graduate of the University of Virginia School of Law. I served as a law clerk to the Supreme Court of Virginia from 1982 – 1983. I have been a licensed member of the Virginia bar since 1981, and a licensed member of the bar of the District of Columbia since 1984. I have been admitted to practice, and have appeared in the federal courts of both jurisdictions (bankruptcy, district, and appellate). In 2005, I was admitted to practice before the United States Supreme Court.

6.  The vast majority of my legal work over the last thirty years has been civil litigation in the United States District Court for the Eastern District of Virginia, Alexandria Division. In the course of my practice, I have appeared as counsel of record in hundreds of cases in this Court, including construction and real estate litigation, class action litigation, intellectual property litigation, and many other complex cases. In addition, I have handled complex civil litigation in the Virginia state courts. I am well aware of the hourly rates charged by attorneys in Northern Virginia for a wide variety of complex civil litigation.

7.  Moreover, I often have worked as co-counsel with national, regional, and local firms. In the course of my work, therefore, I have become familiar with the prevailing hourly rates charged by those law firms for complex civil litigation in Northern Virginia, including high-stakes real estate and construction litigation like this case.

8.  Finally, in the course of my litigation practice, I have applied for, or opposed, numerous fee applications under fee-shifting statutes, rules, and contractual provisions. Through that fee litigation, I also have become familiar with the hourly rates charged for complex civil litigation in Northern Virginia.

## HOURLY RATE SURVEY

9. In order that I have the most current and most accurate hourly rate information to provide to the Court, I also conducted a survey of firms capable of handling complex civil litigation, including real estate and construction litigation, in Northern Virginia. In the course of that survey, I made certain preliminary determinations.

10. First, I determined the nature and extent of the litigation itself—taking into account the litigants, the legal issues, the factual issues, the procedural issues, and the amount in controversy. I reviewed the pleadings, the docket sheet, certain motions, and certain orders and opinions of the Court to make this determination. I also interviewed several of the Kirkland & Ellis LLP attorneys involved, reviewed the declarations of lead counsel, and reviewed the firm's billing statements for the case. In my experience, this sort of sharply disputed, high-stakes construction and real estate litigation, between sophisticated and well-financed litigants, would be categorized as complex civil litigation.

11. Next, I determined the type of firm that would be capable of handling this sort of complex civil litigation. In my experience, a case like this would be handled by a large firm, with a Northern Virginia litigation practice. The number of attorneys and paraprofessionals required, the specialized professional skills required at various levels (from legal assistant to senior partner), and the need to conduct this sort of litigation on the Court's swift docket would overwhelm all but the largest firms in Northern Virginia. The litigants in this case, in fact, both retained national firms who have Virginia-licensed attorneys, as well as numerous other attorneys, experienced in complex civil litigation and high-stakes real estate and construction litigation (that is, Kirkland & Ellis LLP, for plaintiff; and Womble Carlyle Sandridge & Rice PLLC, for defendant). Thus, I surveyed the hourly rates of comparable firms.

12. Based on my preliminary determinations, I identified national and regionally prominent law firms which have a substantial litigation practice in Northern Virginia. The survey included the Northern Virginia litigators of the following firms: Arnold & Porter LLP (Northern Virginia office); Cooley LLP (Northern Virginia office); Greenberg Traurig LLP (Northern Virginia office); Hogan Lovells (Northern Virginia office); Holland & Knight LLP (Northern Virginia office); Hunton & Williams LLP (Northern Virginia office); McGuireWoods LLP (Northern Virginia office); Pillsbury Winthrop Shaw Pittman LLP (Northern Virginia and D.C. offices); Reed Smith LLP (Northern Virginia office); Troutman Sanders LLP (Northern Virginia office); Venable LLP (Northern Virginia office); Williams Mullen (Northern Virginia office); and Winston & Strawn LLP (D.C. office). Several firms declined to, or did not respond (Greenberg, Holland & Knight, Hunton, Troutman, and Winston). Nonetheless, certain of those firms have recently published their rates in a national survey (Greenberg, Holland & Knight, and Winston), while other firms have chosen not to publish their rates (Hunton and Troutman). *See* THE NATIONAL LAW JOURNAL, 2010 Billing Survey, pp. 1, 10 – 17 (Dec. 6, 2010). I did not use the available published rates because they were national rates; however, I note that they were consistent with the rates charged in the Northern Virginia market by peer law firms. Finally, I disregarded the firms that did not publish rates because those confidential rates would neither define nor influence the market rate for Northern Virginia.

13. Each responding firm stated that litigation of this sort ordinarily would be billed on an hourly basis. Each of the responding firms then provided hourly rate information

4

specifically for complex civil litigation in Northern Virginia, including real estate and construction litigation similar to that involved in this action.[1]

14.  I categorized the hourly rates based upon the number of years each attorney has been in practice. I used the same experience-categories as the well-known "Laffey Matrix," which has gained general acceptance in fee litigation in the courts of the District of Columbia (*e.g.*, 1-3 years of experience; 4-7 years experience; etc.).[2] Utilizing those well-established experience-categories, I distilled the data gathered in my survey to prepare certain charts.

15.  Based on the survey responses, I developed two charts showing the range of prevailing hourly rates charged in 2010 and 2011, which are the years applicable to this litigation. It is more accurate to represent the prevailing hourly rates as ranges, than as a specific amount, in that neither the providers nor consumers of legal services treat attorneys as fungible commodities that are "sold" at a single prevailing price. For example, several firms reported multiple rates (or a range of rates) within a particular experience-category—indeed, a single firm reported rates varying between $320 to $415 for litigation associates with 1 – 3 years experience (who would otherwise fall into a single category in the matrix). Similarly, the data from all reporting firms showed a range from $250 to $415 for that category. Nor was there a single rate

---

[1] Several responding firms (*e.g.*, Pillsbury) reported that the litigators they would assign to this sort of a case would not necessarily be limited to those who were physically located in Northern Virginia. Regardless of office locations, however, the fees reported are those for litigators who would staff a complex real estate litigation matter in Northern Virginia.

[2] *See* http://laffeymatrix.com/see.html (current matrix as of June 2011). These categories were devised by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). The categories are based on the years following the attorney's graduation from law school. The various categories are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371. Those categories are used herein with the same meaning.

in that (or any) category, which seemed to represent *the* single most appropriate rate to charge for legal services by that category of timekeepers. In other words, hourly rates varied *within* each experience-category based on other factors—creating a *prevailing range of rates* for each experience-category, instead of a single prevailing rate. Thus, the rates for each experience-category varied within a range based on skills, years of experience, legal education, and other individualized factors. This is consistent with the national survey results, in which firms reported graduated hourly rates for each year since graduation, rather than merely for the experience-categories utilized by the Laffey Matrix (*e.g.*, 1 – 3 years). *See* THE NATIONAL LAW JOURNAL, 2010 Billing Survey, p. 17 (Dec. 6, 2010).

16. In addition to reviewing the hourly rates, I have examined the resumes of each of the Kirkland & Ellis LLP attorneys. Each attorney has credentials befitting of professionals employed by one of the most respected national law firms, and each attorney has degrees, honors, experience, and professional recognition that places him or her in the highest echelon of practicing attorneys in the Northern Virginia market.

17. After determining the prevailing hourly rate ranges for each experience-category, I then compared that data to a table compiling the applicable hourly rates for the Kirkland & Ellis LLP timekeepers involved in this action. For this comparison, I used the 5%-discounted hourly rates for each the Kirkland & Ellis LLP timekeeper for each year (highlighted), instead of each timekeeper's actual rates as charged to the plaintiff. I understand that plaintiff is voluntarily accepting that discounting (*Declaration of Thomas A. Clare, P.C.*, ¶ 86). I further note that the actual rates charged by Kirkland & Ellis LLP were already discounted based upon the firm's relationship with the plaintiff (*Declaration of Jeffrey L. Willian*, *P.C.*, ¶ 19). As is shown below,

6

this double-discount brings the Kirkland & Ellis LLP rates well within the applicable prevailing rate ranges.

**2010 Range of Hourly Rates in Northern Virginia**

| Paralegal | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
|---|---|---|---|---|---|
| $120 – 340 | $250 – 415 | $350 – 515 | $415 – 570 | $520 – 675 | $505 – 810 |

**2011 Range of Hourly Rates in Northern Virginia**

| Paralegal | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
|---|---|---|---|---|---|
| $130 – 350 | $250 – 435 | $350 – 600 | $465 – 640 | $520 – 770 | $505 – 820 |

**KIRKLAND & ELLIS LLP TIMEKEEPERS' HOURLY RATES**

| Timekeeper | Experience (in Years) | 2010 Rate Actual | 2010 Rate 5% Discount | 2011 Rate Actual | 2011 Rate 5% Discount |
|---|---|---|---|---|---|
| Jeff Willian | 25 | $685 | $651 | $725 | $689 |
| Tom Clare | 16 | $625 | $594 | $700 | $665 |
| Julie Posteraro | 7 | $525 | $499 | $550 | $532 |
| Rebecca Koch | 6 | $495 | $470 | $550 | $523 |
| Elizabeth Locke | 6 | $495 | $470 | $550 | $523 |
| Kate O'Scannlain | 6 | $495 | $470 | $560 | $523 |
| Katie Crytzer | 2 | $295 | $280 | $385 | $366 |
| Kim Chervenak | Sr. Legal Asst. (23 years) | $270 | $257 | $290 | $276 |
| Jennifer Shedlosky | Legal Assist. (1 year) | $155 | $147 | $165 | $157 |

Case 4:10-cv-00075-GBR-STC Document 113-2 Filed 07/06/11 Page 7 of 13 PageID# 3687

18. As can be seen, for each year, each Kirkland & Ellis LLP timekeeper's 5%-discounted rate is well within the prevailing hourly rate range for Northern Virginia, *and less than* the highest rate charged. Since the Kirkland & Ellis LLP timekeepers are in the highest echelon of lawyers in this market, they can command the highest market rates in the applicable range. In my opinion, therefore, the 5%-discounted rates for these highly qualified Kirkland & Ellis LLP timekeepers, which are within the range charged by comparable firms for similar work in this legal market, would be the appropriate rate to use in awarding fees.

19. It is important to note that for my comparison, I did not (and would not) merely average the hourly rates reported by responding firms to try to determine a single rate for each experience-category. In my opinion, and as explained above when defining the ranges, that average would not necessarily represent *the* prevailing rate—it would simply be an artificial arithmetic average rate, which might not even be charged by any actual timekeeper in the survey. However, if the Court intended to apply that average as the prevailing rate, then, in my opinion, the following are the average rates for each category for 2010 and 2011.

**Average Hourly Rates in Northern Virginia** [3]

| Year | Paralegal | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
|---|---|---|---|---|---|---|
| **2010** | $235 | $320 | $410 | $515 | $580 | $660 |
| **2011** | $250 | $345 | $455 | $550 | $625 | $670 |

20. If the Court intended to apply that average as the prevailing rate, then, in my opinion, the education, honors, experience, and skills of each Kirkland & Ellis LLP timekeeper would warrant, where appropriate, an upward adjustment *above* the average hourly rate to a rate

---

[3] The averages reported in this table are not merely the average of the high and low reported rates, but the average of *all* reported rates—high, low, and intermediate rates—for each experience-category.

8

at or near the 5%-discount rate for each timekeeper. (However, if the timekeeper's rate were *below* the average, then only the 5%-discount rate should be used.) These are above-average professionals and paraprofessionals—even among large national firms—and awarding fees at the average rates would be under-compensatory. Moreover, the attorney timekeepers, as well as one of the paraprofessional timekeepers, are at or near the top-end of the applicable experience-categories, and the applicable rate should be at the top-end of the range, not in the middle. Thus, an upward adjustment above the average rate would be appropriate and properly compensatory whenever the timekeeper's 5%-discount rate is higher than the average hourly rate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 6, 2011  /s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL: (703) 549-5354
FAX: (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2011, I served the Declaration of Craig C. Reilly via the Court's CM/ECF filing system to the following:

Paul A. Kaplan
Cathy A. Hinger (VA Bar No. 46293)
Elizabeth W. Grau (VA Bar No. 74935)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
1401 Eye Street, N.W., Seventh Floor
Washington, DC 20005
Telephone: 202-467-6900
Facsimile: 202-467-6910

                                              *s/ Thomas A. Clare, P.C.*
Thomas A. Clare, P.C. (Va. Bar No. 39299)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
tclare@kirkland.com

# CRAIG C. REILLY

111 Oronoco Street

Alexandria, Virginia 22314

TEL (703) 549-5354     FAX (703) 549-2604

**craig.reilly@ccreillylaw.com**

**www.ccreillylaw.com**

| | | |
|---|---|---|
| **ADMITTED:** | State and Federal Courts: | Virginia (1981) |
| | | District of Columbia (1984) |
| | | |
| **EDUCATION:** | University of Virginia School of Law: J.D., 1981 | |
| | Amherst College: B.A., 1976 (English) | |

**EMPLOYMENT:**
| | |
|---|---|
| 2008 - | Solo Practitioner |
| | Alexandria, Virginia |
| 1983-08 | Richards McGettigan Reilly & West, P.C. (Shareholder 1987-08) |
| | Alexandria, Virginia |
| 1982-83 | Law Clerk, Supreme Court of Virginia |
| | Richmond, Virginia |
| 1981-82 | Associate, Craig T. Redinger, P.C. |
| | Charlottesville, Virginia |

**PROFESSIONAL ASSOCIATIONS AND MEMBERSHIPS:**

American Bar Association (1981-  )
Virginia State Bar (1981-  )
Virginia Bar Association (1981-  )
District of Columbia Bar (1984-  )
Federal Bar Association, Northern Virginia Chapter (1994-  )
Alexandria Bar Association (1983-  )

**LITIGATION EXPERIENCE:**

**General Civil Litigation:**  Over 25 years of experience in a wide variety of civil litigation in state and federal court, including contracts, business torts, products liability and personal injury, trade secret and employment disputes, landlord-tenant and real estate, and commercial law.

**Intellectual Property:**  Numerous patent litigation matters involving such diverse arts as artificial intraocular lenses, catheter guide wires, metal alloys, flexible flashlights, chemical catalysts, antiperspirant chemicals, data terminals, tape storage systems, tape drive assemblies, gas detectors, modems, computer encryption, telecommunications, and florescent lights.  Five jury trials and one bench trial in patent cases, plus numerous dispositive motions.  Trademark litigation and domain name cases, including preliminary injunction motions.

**Complex Federal Litigation:**  Civil and criminal cases involving RICO, bribery, and government procurement fraud; antitrust; securities fraud class actions (plaintiff and defense); ERISA class action and ERISA fraud, securities fraud, bribery, and breach of fiduciary duty.

Exhibit 1

**LECTURES:**

*A Practical Guide to Federal Court Rules & Procedures in Virginia*
(NBI, Dec. 7, 1995)

*Intellectual Property Litigation: Patent Litigation in the "Rocket Docket"*
(Alexandria Bar, Feb. 13, 1996)

*Federal Court Litigation: Motions Practice in Federal Court*
(Alexandria Bar, May 8, 1996)

*Intellectual Property Litigation: Injunctions and Protective Orders*
(Alexandria Bar, Feb. 11, 1997)

*Federal Court Litigation: Winning without Trial: Summary Judgment and Settlement*
(Alexandria Bar, May 21, 1997)

*Intellectual Property Litigation: Markman Hearings, Spoliation, Computer Discovery*
(Alexandria Bar, Feb. 10, 1998)

*Federal Court Litigation: The Law and Procedures of Privileges During Civil Discovery*
(Alexandria Bar, May 19, 1998)

*Intellectual Property Litigation: Fighting Back: Patent Misuse and Antitrust Counterclaims*
(Alexandria Bar, Feb. 11, 1999)

*Federal Court Litigation: Personal Jurisdiction-Beyond the Basics*
(Alexandria Bar, May 18, 1999)

*Intellectual Property Litigation: Trademark Litigation in the "Rocket Docket"*
(Alexandria Bar, Feb. 15, 2000)

*Federal Court Litigation: Jurisdiction, Removal, and Remand*
(Virginia Trial Lawyers Assoc., Mar. 31, 2000)

*Federal Court: Navigating the "Rocket Docket"*
(Fairfax Bar Assoc., May 11, 2000)

*Federal Court Litigation: Protective Orders*
(Alexandria Bar, May 16, 2000)

*Intellectual Property Litigation: Trade Secret Litigation in State and Federal Courts*
(Alexandria Bar, Feb. 15, 2001)

*Federal Court Litigation: New Discovery Rules*
(Alexandria Bar, May 8, 2001)

*Federal Court Litigation: Practice Before United States Magistrate Judges and Civil Discovery*
(Alexandria Bar, Sept. 23, 2003)

*Federal Court Litigation: Expert Witness Practice*
(Alexandria Bar, Sept. 28, 2004)

*Federal Court Litigation: Protective Order Practice and Sealing of Court Records*
(Alexandria Bar, Oct. 26, 2005)

*Federal Court Bench-Bar: Federal Civil Discovery Practices* (FBA-No.Va., May 2008)

*Federal Court Bench-Bar: Federal Civil Motions Practice* (FBA-No.Va., May 2009)

*Difficult Depositions*
(Alexandria Bar, Oct. 2009)

*Federal Court Bench-Bar: Federal and State Court Injunction Practices* (FBA-No.Va., Jan. 2010)

*Federal Law of Sanctions: Rules 16, 26, 30, 37 and 45* (FBA-No.Va., Mar. 2010)

*Federal Court Bench-Bar: Federal Protective Order Practice* (FBA-No.Va., May 2010)

*Federal Law of Sanctions: Rules 11 & 56, 28 U.S.C. § 1927, and Inherent Authority* (FBA-No.Va., Feb. 2011)

**PUBLICATIONS:** *Flight Training for Patent Litigation in the "Rocket Docket"*
INTELLECTUAL PROPERTY LITIGATION, Vol. VII, No.3 (ABA Fall 1995)

*Interlocutory Orders: Getting it Right the Second Time*
LITIGATION, Vol. 22, No.2 at 43 (ABA Winter 1996)

*Forum Non Conveniens: You Can Get There From Here*
LITIGATION, Vol. 24, No.1 at 36 (ABA Fall 1997)

*The Eastern District of Virginia - Alexandria Division*
THE JOURNAL (VTLA Fall 1999)

*The Truth About Lying*
LITIGATION, Vol. 29, No.4 at 40 (ABA Summer 2003)
*(reprinted in* THE LITIGATION MANUAL (ABA 1st Supp. 2007)

*Ashcraft v. Conoco, Inc. and Local Civil Rule 5(C): Ten Years Later*
THE ROCKET DOCKET NEWS (FBA-No.Va. June 2010)