

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GREGORY THOMAS BERRY, et al., :
                                Plaintiffs, :
v.                                     :
                                      :
LEXISNEXIS RISK & INFORMATION     :     11-cv-00754
ANALYTICS GROUP, INC., et al.,           :
                                Defendants :

**OBJECTION OF VICKI PIONTEK TO PROPOSED
RULE 23(B)(2) CLASS ACTION SETTLEMENT**

And Now comes Vicki Piontek, pro se, and files Objection to the Proposed Rule 23(B)(2) Class Action Settlement, and in support thereof states as follows.

1. In 2013 and 2014 I obtained several copies of my Accurint consumer report from LexisNexis (a brand name used to describe all defendants in this litigation). The reports contained the same type of defects described in the Complaint in the Berry v. LexisNexis litigation. They did not contain the proper summary of rights required under 15 USC 1681 g (c)(2) of the Fair Credit Reporting Act (FCRA). They also contained a false assertion that the report was not a consumer report. See Exhibit A, excerpts from my Accurint report with appropriate redactions.

2. Additionally, LexisNexis unlawfully printed the first five digits of my Social Security number on my Accurint consumer report when I had specifically asked Lexis Nexis to not print the first five digits. This is clearly prohibited under 15 USC 1681g (a)(1)(A) of the FCRA. My Social Security number was illegally printed SEVERAL TIMES on all of my Accurint reports.

3. The Accurint reports are consumer reports as defined by 15 USC 1681a and 1681b of the FCRA, and LexisNexis is a consumer reporting agency (CRA) as defined by the FCRA, because the reports contain information about a person's personal characteristics and mode of living, and because they are used or expected to be used for consumer debt collection and for employment screening. The contain prior bankruptcies, non-published phone numbers, cell phone numbers, property, vehicle titles and more. See excerpt from my own Accurint report, Exhibit A. Also see attached excerpt from LexisNexis' CURRENT website boasting about their Accurint product, Exhibit B.

4. LexisNexis sales representatives are CURRENTLY marketing the Accurint products for consumer debt collection and for employment screening. See excerpts from their CURRENT website marketing Accurint for consumer debt collection, Exhibit C. See attached emails from their Pennsylvania sales representative marketing Accurint for the specific purposes of consumer debt collection and employment screening, Exhibit D. These emails were sent to me by a LexisNexis sales representatives because I happen to be an attorney, and I inquired about their services in response to their solicitation emails.

5. The Accurint reports have already been found to be consumer reports by at least one Federal District Court, which would make LexisNexis and / or affiliates a CRA. See *Adams, et al. v. LexisNexis Risk & Information Analytics Group, Inc., et al.*, No. 1:08-cv-04708-RMB-KMW, United States District Court for the District of New Jersey.

6. LexisNexis' actions are self contradictory. On the one hand they say they are not a CRA. On the other hand they CURRENTLY pushing their products for purposes which could only mean that they are a CRA under 15 USC 1681a and 1681b of the FCRA. Because LexisNexis has engaged in an active cover up to deny that it is a CRA, while at the same time marketing the Accurint products for purposes that could only mean it is a CRA, LexisNexis has engaged in misrepresentation throughout the whole process of the Berry litigation.

7. To date, LexisNexis had made no effort to restructure its Accurint products. Up to the current date, LexisNexis had continued to engage in active marketing efforts to promote the Accurint products for the purpose of consumer debt collection and employment screening. LexisNexis has continued this pattern of behavior thinking it can get away with whatever it wants by paying $13.5 million for the privilege of being declared not to be a CRA.

8. In July of 2014 I decided to opt out of the FRCP 2(B)(3) class within the opt out deadline. However, I am being told that I cannot opt out of the FRCP 23(B)(2) class. So no matter what happens from now until 2020, LexisNexis is hoping impose its own self-serving definition of what it means to be a CRA, regardless of the clear fact that it is a CRA. LexisNexis will then likely continue to market the Accurint products for consumer debt collection and / or employment screening, turn a profit, and be virtually untouchable under the law. LexisNexis has engaged in a calculated effort to make money by breaking the law and get away with it.

9. It would be unjust and inequitable to allow LexisNexis to impose its own definition of a CRA is when the facts clearly indicate that LexisNexis is a CRA. It would be unjust and inequitable to allow LexisNexis to spend $13.5 million to buy its way out of liability under the FCRA as a CRA until the year 2020. This goes against what Congress intended when they passed the FCRA.

10. The 23(B)(2) class should not be certified when no one in the Country can opt out of the 23(B)(2) class. To allow LexisNexis to impose its own self-serving definition of a CRA on almost everyone in the Country until 2020 would be unjust.

11. An example of the unjust nature of the Rule 23(B)(2) class is that LexisNexis has unlawfully printed my Social Security number on my report at least 3 times in the past 12 months which is prohibited under 15 USC 1681g (a)(1)(A) of the FCRA. If the Rule 23(B)(2) class is certified, they will be free to do this until 2020, and there is nothing I can do to stop them. They are free to commit other violations of the FCRA against me and anyone else because they will point to the Berry settlement and claim that they are not a CRA. Most of the Country will lose their right to bring a claim for statutory damages and LexisNexis could get away with almost any misconduct because they have $13.5 Million to spend to buy their way out of future liability.

12. The purpose of the Rule 23(B)(2) class is for declaratory and injunctive relief. However, the FCRA does to provide declaratory or injunctive relief as a remedy. Since this is a private action under the FCRA, not brought by a government entity, declaratory relief should not be a remedy and should not be imposed on the members of the public in this Country.

13. I would like to incorporate all of the other arguments raised in all of the other objections to the Rule 23(B)(2) class in this litigation.

Wherefore, these reasons, I request that the 23(B)(2) class not be certified by this Honorable Court.

_[signature]_   3/20/2014
Vicki Piontek (pro se)   Date
951 Allentown Road
Lansdale, PA 19446
215-290-6444
vicki.piontek@gmail.com
Fax: 866-408-6735

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GREGORY THOMAS BERRY, et al., :
          Plaintiffs, :
                                   :
v.                                           :

LEXISNEXIS RISK & INFORMATION   :   11-cv-00754
ANALYTICS GROUP, INC., et al.,       :
          Defendants   :

### CERTIFICATE OF SERVICE

I served a true and correct copy of the attached OBJECTION OF VICKI PIONTEK TO PROPOSED RULE 23(B)(2) CLASS ACTION SETTLEMENT on the parties listed on the attached service list using the address list. Service was by First Class U.S. mail, postage prepaid.

_____      3/20/14
Vicki Piontek (pro se)            Date of Service
951 Allentown Road
Lansdale, PA 19446
215-290-6444
vicki.piontek@gmail.com
Fax: 866-408-6735

# SERVICE LIST

LexisNexis Settlement Objections
P.O. Box 2983
Faribault, MN 55021-2983

The Law Office of Dale W. Pittman, P.C.
Dale Wood Pittman, Esquire
112-A W Tabb St
Petersburg, VA 23803-3212

Francis & Mailman PC
David A Searles, Esquire
Erin Amanda Novak, Esquire
James Arthur Francis, Esquire
John Soumilas, Esquire
100 S Broad Street 19th Floor
Philadelphia, PA 19110

Consumer Litigation Associates
Leonard Anthony Bennett, Esquire
Susan Mary Rotkis, Esquire
Janelle Mason Mikac, Esquire
Matthew James Erausquin, Esquire
763 J Clyde Morris Boulevard., Suite 1A
Newport News, VA 23601

Caddell & Chapman
Craig Carley Marchiando, Esquire
Cynthia Bodendieck Chapman, Esquire
Michael Allen Caddell, Esquire
1331 Lamar St., Suite 1070
Houston, TX 77010

Troutman Sanders LLP
David Neal Anthony, Esquire
1001 Haxall Point
PO Box 1122
Richmond, VA 23219

James Francis McCabe, Esquire
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Faruki Ireland & Cox PLL
Ronald Irvin Raether, Jr.
500 Courthouse Plaza SW
10 N Ludlow St
Dayton, OH 45402

Jeanne Giles
260 Gooseberry Drive
Reno, NV 89523
Adam E. Schulman

Center for Class Action Fairness
1718 M. Street NW #236
Washington, DC 20036

Winston & Strawn LLP
Kimball Richard Anderson, Esquire
Charles Bennett Molster, III, Esquire
William Paul Ferranti, Esquire
1700 K St NW
Washington, DC 20006

Samuel Issacharoff
40 Washington Square South 411J
New York, NY 10012

David Brown
1717 Market Street
Tacoma, WA 98402

Federal Courthouse
Clerk's Office
701 East Broad Street
Richmond, VA 23219

Federal Courthouse
The Honorable James R. Spencer
701 East Broad Street
Richmond, VA 23219