UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GREGORY THOMAS BERRY, et al. ) <br> on behalf of themselves and all others ) <br> similarly situated ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEXISNEXIS RISK & ) <br> INFORMATION ANALYTICS ) <br> GROUP, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:11cv754 |

**PLAINTIFFS' OPPOSITION TO MOTION OF VICKI PIONTEK FOR
LEAVE TO FILE OBJECTION TO RULE 23(b)(2) CLASS ACTION SETTLEMENT**

Plaintiffs Gregory T. Berry, *et al.*, on behalf of themselves and all others similarly situated, oppose the Motion of Vicki Piontek for Leave to File Objection to Rule 23(b)(2) Class Action Settlement (Dkt. 124). In support of their Opposition, Plaintiffs show the Court as follows.

**I.     Introduction and Background**

This case has been on file since November, 2011. (Dkt. 1.) After hard-fought, contentious negotiations at more than nine face-to-face meetings, the Parties reached a settlement that they presented to the Court for preliminary approval more than a year ago, on March 18, 2013. (Dkt. 63.) The Court granted preliminary approval of the settlement for Classes under Rules 23(b)(2) and 23(b)(3), and ordered the Parties to embark on a comprehensive notice program that included mail and published notices. (Dkt. 63 ¶ 12.) As required, the Court ordered that the notice program include, among other things, the deadlines by which consumers wishing to opt-out of or object to the settlement must take action. (*Id.* ¶¶ 12–14.)   The cutoff for Class

Members to object to the Rule 23(b)(2) Settlement was August 30, 2013. (*Id.* ¶ 14.) The Court held a Final Approval Hearing on December 10, 2013 (Dkt. 116), a time at which there were seven objections to the Rule 23(b)(2) Settlement. (Dkt. 101 at 27.)[1] The Court heard argument from Plaintiffs, Defendants, and multiple Objectors at that hearing.

The Court took the matter under advisement and now, nearly *seven months after* the expiration of the deadline by which to object and *three months after* the Court's Final Approval Hearing, Vicki Piontek requests leave to file an objection to the Rule 23(b)(2) Settlement. (Dkt. 124.) Apart from the proposed objection being woefully late, Ms. Piontek's Motion for Leave fails to meet this District's procedural strictures for motion practice and, further, fails to provide a proper basis for the Court to grant it. (*Id.*) Moreover, even if there was good cause for granting Ms. Piontek's requested leave, the proposed objection fails to bring forth any opposition to the Rule 23(b)(2) Settlement not already provided to the Court in the other, timely filed objections. At bottom, there is no reason to permit Mr. Piontek's objection at this late stage, making denial of her Motion entirely appropriate.

## II. Argument and Authorities

### A. Procedural Failures Require Denial of Ms. Piontek's Motion

#### 1. Ms. Piontek filed no memorandum supporting her Motion and fails to set forth the grounds that may justify granting it

With three exceptions not applicable here, District Local Rule 7 requires that all motions "be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." L.R. 7(F)(1). Ms. Piontek did not file such a written brief, completely failing to abide by this express requirement.

---

[1] As noted in their Motion for Final Approval, Plaintiffs dispute that the Aaron and Cochran objections truly equal the thousands of Class Members they claim. (*See* Dkt. 101 at 27 n.4.)

(*See* Dkt. 124 and attachments.) The Court should therefore decline to consider Ms. Piontek's Motion out of hand.

Even should the Court consider Ms. Piontek's Motion itself to be a proper Local Rule 7 brief in support, that document fails to set forth the legal standards applicable to the Court's decision regarding whether to grant the Motion, and does not provide any reason or authority for the Court to do so. (*See* Dkt. 124.) This shortcoming again misses the strictures of the Local Rules, as they expressly require that *all* motions "state with particularity the grounds therefor and shall set forth the relief or order sought." L.R. 7(A). Ms. Piontek's Motion provides nothing of the sort, mentioning simply that she provides "new evidence" regarding LexisNexis' conduct. (*Id.*) But more than threadbare statements are required to support a request for the Court to alter a case's schedule. Rule 16(b)(4) requires a movant asking for such leave to supply "good cause" for granting it. FED. R. CIV. P. 16(b)(4). While Ms. Piontek fleetingly mentions "good cause" in her Motion, she does not flesh-out and properly discuss the elements she must meet.

"'[G]ood cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2013) (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999)) (alterations in original). In addition to Ms. Piontek's diligence, the Court's "good cause" analysis should consider whether Ms. Piontek acted in good faith, the length and effects of the delay, and whether the delay will prejudice the non-moving party. *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013). Ms. Piontek's Motion is utterly bereft of any discussion of her diligence or these other elements, making denial of her Motion the appropriate course.

That is because Ms. Piontek cannot make even a facial showing of diligence. In her Motion, she admits to being aware of this case and settlement in July 2013, well-before the August 30 deadline by which to object, but she did not lodge an objection by that date. (*See* Dkt. 124 ¶¶ 1, 4 (noting that Ms. Piontek filed an opt-out letter in July 2013 and asking that her now-late objection "relate back to that date").) The reason for this failure is of course known only to Ms. Piontek, and she utterly fails to provide any grounds for missing the deadline. Because the Parties and the Court are left to wonder why Ms. Piontek could not meet the long-passed objection deadline, Ms. Piontek has failed to meet even the first element of her claim for relief. *CBX Techs.*, 2012 WL 3038639, at *4. The Court should therefore deny her Motion.

2. **As a lawyer, Ms. Piontek is not entitled to the relaxed standards afforded *pro se* litigants**

It is common for courts to relax pleading and practice standards when litigants proceed *pro se. See Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997) ("However inartfully drafted, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers."). Although she styles her Motion as being filed pro se, Ms. Piontek is, in fact, a lawyer. (*See* Dkt. 124-1 at 1 (identifying herself as "Vicki Piontek, Esquire, Attorney at Law").)[2] The Court should therefore decline to accord Ms. Piontek any latitude for her Motion's complete failure to meet the requirements of the Local Rules and Federal Rules of Civil Procedure set forth above. Because these shortcomings are fatal to her Motion, the Court should deny the request for leave.

B. **Apart From Its Procedural Failures Ms. Piontek's Objection Would Bring Nothing New to the Court's Analysis**

Even should the Court overlook the myriad failures of Ms. Piontek's Motion, the Court should still deny her leave to file her objection because it presents nothing new substantively.

---

[2] That is, of course, unless Ms. Piontek has lost her license to practice since writing the letter at Docket 124-1.

(*See* Dkt. 124.) Though Ms. Piontek hopes the Court will somehow conclude her inclusion of supposed "new" evidence supports granting her Motion, the fact is she supplies nothing that the Parties and the timely Objectors have not exhaustively presented to the Court already. Allowing Ms. Piontek's objection now simply injects nothing new into the case. The timely filed and currently considered Schulman and Aaron Objections (Dkts. 71, 72) are comprehensive attacks on the Settlement, leaving no stone unturned in their advocacy against it. They address the points Ms. Piontek also raises—that 23(b)(2) Class Members should be able to opt out, and the FCRA does not provide injunctive relief to private litigants (Dkt. 124-3 ¶¶ 10, 12)—and argue vigorously that those points support denial of final approval. Further, both Schulman and Aaron presented argument at the Final Approval Hearing, permitting the Court to delve into the specifics of their objections and to hear real-time responses to the Court's inquiries. Schulman and Aaron have provided the Court with a sufficient opposing view of the Settlement for the Court to properly gauge its fairness, reasonableness, and adequacy. Ms. Piontek's proposed objection adds nothing to that analysis. The Court should therefore decline to grant Ms. Piontek leave.

### III.  Conclusion

Ms. Piontek provides the Court with no reasoned ground on which to grant her Motion. She fails to supply the Court with a proper supporting memorandum and completely fails to discuss her factual situation against the elements that might permit her to file an objection nearly seven months after the deadline to do so and more than three months after the Court's Final Approval Hearing. Still, should the Court overlook these flaws, Ms. Piontek's objection brings no insight or argument not already contained in the record of this case. Ms. Piontek's Motion is both ill-timed and ill-founded, and the Court should therefore deny it.

                                        **GREGORY THOMAS BERRY,** *et al.,*
                                        *on behalf of themselves and all others*
                                        *similarly situated*


                             By:    /s/ Leonard A. Bennett
                                   Of Counsel


Leonard A. Bennett
Susan M. Rotkis
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
lenbennett@clalegal.com

Matthew James Erausquin
**CONSUMER LITIGATION ASSOCIATES, P.C.**
1800 Diagonal Rd
Suite 600
Alexandria, VA 22314
matt@clalegal.com

Michael A. Caddell
Cynthia B. Chapman
Craig C. Marchiando
**CADDELL & CHAPMAN**
1331 Lamar St., Suite 1070
Houston, TX 77010
(713) 751-0400
mac@caddellchapman.com
cbc@caddellchapman.com

Dale W. Pittman
**THE LAW OFFICE OF DALE W. PITTMAN, P.C.**
112-A W Tabb St
Petersburg, VA 23803-3212
dale@pittmanlawoffice.com

James A. Francis
John Soumilas
Erin A. Novak
**FRANCIS & MAILMAN PC**
Land Title Building
100 S Broad Street 19th Floor
Philadelphia, PA 19110
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that, pursuant to the Federal Rule of Civil Procedure, true and correct copies of the foregoing were served on all counsel listed below via the United States District Court for the Eastern District of Virginia's CM/ECF electronic-filing system, by first class mail, and/or by electronic mail on March 28, 2014:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
david.anthony@troutmansanders.com

James Francis McCabe
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
jmccabe@mofo.com

Ronald Irvin Raether , Jr.
Faruki Ireland & Cox PLL
500 Courthouse Plaza SW
10 N Ludlow St
Dayton, OH 45402
rraether@ficlaw.com

*Attorneys for Defendants*


Mr. Charles Bennett Molster, III
Winston & Strawn, LLP.
1700 K. Street NW
Washington, DC 20006
cmolster@winston.com

Mr. Kimball Richard Anderson
Mr. William Paul Ferranti
Winston & Strawn, LLP
35 W. Wacker Drive

Chicago, IL 60601-9703
kanderson@winston.com
bferranti@winston.com

Mr. Samuel Issacharoff
40 Washington Square South 411J
New York, NY 10012
Samuel.issacharoff@nyu.edu

***Attorneys for Megan Christina Aaron, et al, interested parties***

      I further certify that true and correct copies of the foregoing were served on all persons listed below via U.S. First Class Mail on March 28, 2014.

Ms. Jeanne Giles
260 Gooseberry Drive
Reno, N 89523

Mr. Adam E. Schulman
Center for Class Action Fairness
1718 M Street, NW #236
Washington, DC 20036

Mr. David Brown
1717 Market St.
Tacoma, WA 98402

Vicki Piontek
Pro Se
951 Allentown Road
Lansdale, PA 19446

***Interested Parties pro se***

Mr. Edwin F. Brooks
Attorney at Law
6 W. Broad St
Richmond, VA 23220

Mr. Edward W. Cochran
2030 Marchmont Road
Shaker Heights, OH 44122

Mr. Thomas W. Bevan
Mr. Patrick M. Walsh
Bevan & Associates, LPA, Inc.
Dean Memorial Parkway
Boston Heights, OH 44236

***Attorney for Objector, Scott Hardway, et al***

                                                /s/ Leonard A. Bennett
                                                  Leonard A. Bennett